ALFRED B. SMITH, Trustee, etc., Respondent, v. ABIGAIL WELLS et al. CLARENCE SATTERLEE, Purchaser, Appellant.

To complete the substituted service of a summons under the Code (§ 135), where the order authorizing such service directs the mailing of a copy of the summons and complaint to the person to be served at his place of residence, which is specified in the order, a publication of the sum-

mons and a deposit in the post-office, addressed as required by the order, is necessary, or, in lieu thereof, a personal service out of the State.

Where, therefore, in such case, a copy of the summons and complaint is mailed and addressed to the defendant at a different place from that stated in the order, and there is no personal service and no appearance of the defendant, the court acquires no jurisdiction ; a judgment against such defendant is void ; and a purchaser at a sale of real estate thereunder cannot be compelled to complete his purchase, where the defendant so defectively served has a definite interest, however small, in the land sold.

(Argued April 24, 1877 ; decided May 22, 1877.)

APPEAL by Clarence Satterlee from an order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term, requiring appellant to complete his purchase of certain real estate sold under and by virtue of a judgment in this action.

The plaintiff brought his action as trustee, asking, among other things, for the sale of certain real estate held by him in trust, and the judgment directed such sale. It appeared, by the judgment-roll, that an order was granted for the service of the summons upon two of the defendants—George Barlow and Henry Barlow—by publication. These two, as heirs of Sarah N. Andrews, had an interest in the premises. The affidavits, upon which the order of publication was granted, stated that said defendants were non-residents; that George Barlow resided at " Gallion, Ohio," and Henry Barlow at " Union City, Ind." The order of publication directed that a copy of the summons and complaint be forthwith deposited in the post-office, directed to said defendants, as follows: To " George Barlow, at Gallion, Ohio," and to " Henry Barlow, at Union City, Ind." The affidavit of service stated that a copy of the summons and complaint was mailed to each of said defendants, addressed to them at " Sylvania, Ohio." No personal service appeared, and neither of said defendants appeared in the action. Upon a sale, under the judgment, said appellant bid off the real estate. He subsequently moved to be relieved from his pur-

chase, alleging various defects, and, among others, a defect of title, because said defendants were not properly served, and were not brought within the jurisdiction of the court or divested of their interests. The motion was denied, and the purchaser required to complete his purchase.

*B. F. Lee*, for the appellant. The appellant will not be compelled to accept a doubtful title. (*Morris* v. *Mowatt*, 2 Paige, 586; *O'Reilly* v. *King*, 28 How. Pr., 408.)

*R. F. Wilkinson*, for the respondent.

ANDREWS, J. It is a valid objection to the title to the premises purchased by Satterlee on the sale, under the judgment in this action, that it appears by the record that the summons and complaint were mailed to the defendants George Barlow and Henry Barlow, at Sylvania, Ohio, instead of the places specified in the order of publication. They were two of the heirs of Mrs. Andrews, and as such had an interest in the premises, which was not affected by the judgment or sale, unless they were brought within the jurisdiction of the court by due service of process or voluntarily appearance in the action. They did not appear in the action, and there was no personal service of the summons, and service by publication in the manner prescribed by section 135 of the Code was necessary in order to give the court jurisdiction, and to bind them by the judgment. The order of publication was made upon an affidavit that they were nonresidents of the State, and that George Barlow resided at Gallion, Ohio, and Henry Barlow, at Union City, Ind. The order directed the summons to be published, and that a copy of the summons and complaint be deposited forthwith in the post-office, directed to certain defendants named, and among others to "George Barlow, at Gallion, Ohio," and to "Henry Barlow, at Union City, Ind." The affidavit of service shows that a copy of the summons and complaint was mailed to each, addressed to them at "Sylvania, O." There is no proof of service as directed by the order

of publication, or even that the defendants named resided at Sylvania. Under these circumstances no jurisdiction was acquired in respect to these defendants. The substituted service allowed by the 135th section of the Code was not made. Two things were necessary before the service was complete; first, publication, and second, a deposit in the post-office, as required by the order, or in lieu thereof, personal service out of the State on the defendants. No compliance having been shown with the order in the respect mentioned, or authority to make the service at any other place, the judgment as against the defendants Barlow was a nullity. The purchaser was not therefore bound to complete his purchase, and should be relieved therefrom. It is not material that the interest of the defendants not brought in is small. They had, upon the case as presented, a definite estate in the premises, and a purchaser on a judicial sale is entitled to demand a good title.

It is not necessary to consider the other objections urged.

Upon the ground stated, the order of the Special and General Terms should be reversed, and an order entered directing the plaintiff to return the purchaser the sum paid on his bid, with costs of the appeal.

All concur.

Ordered accordingly.