MARY M. BURTON, APPELLANT, *v.* SALMON BURTON, RESPONDENT.

*Action for divorce — no jurisdiction is acquired by the personal service of the process of a court on persons residing out of the State unless such service is expressly authorized by statute.*

A statute of the State of Pennsylvania, after declaring the causes for which divorces may be granted, provides, in the second section thereof, that the husband or the wife may exhibit his or her petition or libel to the judges of the Court of Common Pleas, where the injured party resides, setting forth particularly and specially the causes of his or her complaint, and that " thereupon a subpœna shall issue from the said court, directed to the party so complained against, commanding him or her to appear at the next or any subsequent Court of Common Pleas to answer said petition or libel, and upon due proof at the return of the said subpœna that *the same shall have been served personally on the said party wherever found*, or that a copy had been given to him or her fifteen days before the return of the same," the court may proceed to judgment in the manner therein provided. It further provides for the issuing of an *alias* subpœna and for the publication of a notice by the sheriff, in case it appear upon the return of the subpœnas so issued that the party could not be found in the said county, and that the same proceedings shall be then had as are authorized and directed by the second section of the act.

*Held*, that the words "wherever found" in the statute do not embrace other States and countries, as those within which personal service can be effectually made to bring a party into court.

That a Court of Common Pleas of Pennsylvania acquires no jurisdiction over a wife residing in this State, by the personal service upon her in this State of a

subpœna issued by the said court, in an action for divorce brought by the husband, a resident of the State of Pennsylvania.

The Pennsylvania cases bearing upon this question examined and considered by BRADLEY, J.

APPEAL from a judgment, entered in Chautauqua county, upon the report of a referee dismissing the complaint.

*H. C. Kingsbury*, for the appellant.

*John S. Lambert*, for the respondent.

BRADLEY, J. :

The action is for divorce. The defendant alleges as a bar the recovery by him of a judgment dissolving the marriage in the Court of Common Pleas of McKean county, State of Pennsylvania. The referee found and determined that such judgment was recovered by him and that it was a defense in bar of this action, and upon that ground dismissed the complaint. The question presented here is whether the judgment so recovered was valid and effectual as against the plaintiff. The referee has found that the parties were married in Nebraska, in 1859, that they shortly after became residents of the State of New York, and continued so until in 1877 when they removed to the State of Pennsylvania; that in March, 1879, the plaintiff deserted the defendant and returned to the State of New York, and has since resided there; that the defendant then was and has remained a citizen of the State of Pennsylvania; that in August, 1882, upon the petition of the defendant a subpœna was issued out of the Court of Common Pleas of McKean county, commanding the plaintiff to show cause at the then next term of the court why the defendant should not be divorced from the bonds of matrimony ; that such subpœna was personally served upon the plaintiff in the State of New York; and that such proceedings were thereupon had ; that judgment or decree was entered in that court dissolving the marriage contract. The record of the judgment was put in evidence by which it appears, as found by the referee, that the cause upon which the suit was founded in the Common Pleas was the desertion of the defendant by the plaintiff, which comes within the causes for which a divorce may be granted in that State. Upon the facts as found by the referee his conclusion

is supported, if the court in which the judgment was entered had jurisdiction of the person of the plaintiff in that suit. The parties being citizens of the State of Pennsylvania and the plaintiff having left her husband in that State and come into the State of New York, and the defendant in this action still remaining a citizen of that State, his relation to it, for aught that appears, characterized that of his wife for the purpose of an action there for a divorce in his behalf, and as such citizens they were so subject to the laws of Pennsylvania that process might be obtained by him there and served upon the wife, although absent from the State, in such manner as the statute there prescribed, and that being done jurisdiction of her person would be acquired in support of the proceedings and judgment as effectually as if she had been personally served within the State or had appeared in the action. (*Hunt* v. *Hunt*, 72 N. Y., 217; *Huntley* v. *Baker*, 33 Hun, 578.) But the service upon a party defendant not in the State where the action is instituted is purely statutory, and jurisdiction of the person of the absent party can in such case be acquired in the manner only which the statute provides (*Smith* v. *Wells*, 69 N. Y., 600), and the question of jurisdiction of the person of a defendant is an open one for inquiry and examination upon the question of the validity of a judgment recovered against him. There was no service in any manner made upon the wife in the Pennsylvania suit, other than personally, in the State of New York, nor did she appear in that action. It is contended that such service was all that the statute required and was within its provisions. If that is so the judgment may be supported upon the facts as found.

The statute of Pennsylvania, passed in 1815, after declaring the causes for which divorces may be granted, provides as follows: " Section 2. If any person shall be injured as aforesaid, the husband, in his own proper person, or the wife, may exhibit his or her petition or libel to the judges of the Court of Common Pleas where the injured party resides, in term time, or to one of the judges of the same court in the vacation, setting forth particularly and specially the causes of his or her complaint, and thereupon a subpœna shall issue from the said court, directed to the party so complained against, commanding him or her to appear at the next or any subsequent Court of Common Pleas, to answer said petition

or libel, and upon due proof at the return of the said subpœna that the same shall have been served personally on the said party wherever found, or that a copy had been given to him or her fifteen days before the return of the same, the court may proceed to judgment in the manner there provided. Section 3. If, upon the return of the said subpœna, proof shall be made that the said party could not be found in the said county, an *alias subpœna* shall issue, returnable the first day of the next or any subsequent term, and be served personally in manner aforesaid; and if so served, the same proceedings shall be had as are directed and authorized in the second section of this act. And if, on the return of the said *alias subpœna*, proof shall be made that the said party could not be found in the said county, the sheriff of the same shall cause notice to be published in one or more newspapers printed within or nearest to the said county, for four weeks successively, prior to the first day of the then next term of said court, requiring the said party to appear on the said day to answer the said complaint, at which term, or any subsequent term, the same proceedings shall be had as are authorized and directed by the second section of this act."

The proposition must be recognized that the process of the courts of one State cannot effectually run beyond its limits for the purpose of taking jurisdiction of person or property in another State, because the power of the courts through their processes is not extra territorial. (*Dunn* v. *Dunn*, 4 Paige, 425; *Holmes* v. *Holmes*, 4 Lans., 392; *Ableman* v. *Booth*, 21 How. [U. S.] 506; *Bischoff* v. *Wethered*, 9 Wall., 812.) There may, however, be a substituted service provided for, and, to accomplish it, a personal service beyond the State authorized; but then jurisdiction is not acquired by force of the process of the court as such merely, but because the statute has provided that means of constructively getting the party into court for the purpose of adjudication upon the matters or rights involved. And while the judgment may be effectual by force of the statute within the jurisdiction of the court, it may not be so elsewhere.

It clearly would not be beyond its limits as against a party defendant not a citizen of the State in which the proceedings were had and judgment rendered while it would be as against one whose domicile is within the State. The contention of the learned counsel

for the defendant is that the words " *wherever found* " in the second section of the statute referred to, authorize the personal service of the subpœna in a divorce case to be made outside the State, and because the wife must be treated as a citizen of that State, although residing out of it, the service upon her gave the court jurisdiction of her person and rendered the judgment valid everywhere.

This, therefore, presents a question of construction of the statute, and to aid in that respect there are in evidence no other statutes of that State relating to general practice in respect to the territorial limitations within the State, if any, in which service of process for the commencement of actions and proceedings in the Courts of Common Pleas of the respective counties may be made, but it does appear by the third section of the act that the failure to find a defendant in the county of the court from which the subpœna is issued, is a sufficient reason for resort to the *alias* subpœna and the substituted service by publication of the process, which tends to show that the personal service may not necessarily be sought beyond the limits of such county, and that the words " wherever found " were intended not to restrict the territorial limits within which the process might be served personally, to such county. The enactments of the law-making power of a State do not have any extra territorial application, and there is no presumption that they are intended for such purpose, but to the contrary, unless it is clearly expressed. The use of the words referred to may be deemed to embrace within their application the entire State of Pennsylvania and nothing more. It certainly is difficult to assume that the legislative intent was to authorize the court to send their process into other States and countries to take jurisdiction of persons " wherever found " there, but rather if it had been intended that the process might go or be served beyond the State, as an effectual notice of the judicial proceeding, it would have been clearly so expressed. The statute of Pennsylvania does not require that any party other than the plaintiff to a suit for divorce be a resident of the State, but treats it as sufficient for the purposes of such relief that the party plaintiff shall have been a citizen of the commonwealth for one year, and then a resident of the county in which the suit is brought, and by its terms applies as well to defendants who never have resided in the State as to those who

may have done so. The statutory application in terms is alike to both. But if the courts of that State have given construction to this statute, and the use for which the words "wherever found" were employed, it should be followed, for the views of the courts of the respective States of their own statutes usually govern those of the courts of other States in that respect. A member of the bar of Pennsylvania was called as a witness and testified that it had generally been held in the Courts of Common Pleas that service on a party defendant personally anywhere is a good service, and will give the court jurisdiction to " decree a divorce whether served in or out of the State, and that is the law of Pennsylvania." And on his cross-examination he referred to *Harvey* v. *Harvey, Keene* v. *Keene,* and *Love* v. *Love,* and remarked that there were some later decisions, to which he did not specifically refer. We have examined those cases. *Harvey* v. *Harvey* (2 Week. Notes of Cases, 225), was in the Common Pleas in 1875. The subpœna was personally served on the husband (the defendant) in this State pursuant to order of the court, and there was no publication. On motion to dismiss the libel the court said : " The personal service on the respondent in a divorce suit, when out of the jurisdiction, is matter of grace to him. The practice has been established for forty years. While under the statute nothing but publication was required, yet in a matter of such serious importance " personal notice should, if possible, be given. " The directions to advertise, under the act, should be strictly followed. Personal service may be superadded, if you will." *Keene* v. *Keene* (Id., 492), was also in the Common Pleas. And motion was made for an order on the sheriff of Philadelphia county to delegate the sheriff of Chicago to serve the subpœna in divorce. The court in denying the motion, remarked " We have no jurisdiction over any officer outside the commonwealth. Service by the sheriff, of course, is best, but it is not necessary, as personal service by any one, accompanied by the proper affidavit, is all that the statute requires." *Love* v. *Love* (10 Phila. Rep., 453) was in Common Pleas. The wife was defendant and had deserted her husband (the plaintiff) in Pennsylvania and gone to Missouri where she has since resided nine years. *Held,* that the statutory notice was not effectual because she was not a citizen of Pennsylvania, that the statute of the State has no force beyond its

territory, and that she may plead against the judgment for want of service within the jurisdiction. Divorce was denied. Our attention has also been called to *Snyder* v. *Snyder* (Id., 306) in the Common Pleas, where objection was taken that the defendant (the husband) residing in Massachusetts, had not been served by publication, but personally only. And the court said : " An advertisement is only a less efficacious mode of giving notice, and when the better plan is available and is resorted to it is certainly no just cause of complaint. The act also says that the subpœna is to be served on defendant ' wherever ' found, and although there might be an argument, in case there had been no personal service, that the word ' wherever ' referred to the limits of the State, yet where there has been actual service, the defendant is certainly estopped from objecting that the notice was not given in the manner which would have been less likely to have reached him." In *Ralston's Appeal* (93 Penn. St., 133), the husband, a resident of Philadelphia, instituted a suit in the Common Pleas for a divorce, and the process was served personally on the defendant in the State of Delaware, where they were married in 1865. The husband afterwards became a resident of Pennsylvania, and his wife remained in Delaware. The court held that no jurisdiction was acquired of the person of the defendant, and by the opinion delivered by MERCUR, J., on motion for reargument, the court said : " If a legal service could thus be made in Delaware, it can be in California. Such cannot be the true construction of the statute. The language ' wherever found ' cannot be so construed as to give to a court of this State extra territorial power to bring within its jurisdiction the person of a citizen and resident of another State. * * * The service of a subpœna in divorce thus made in another State . on a resident thereof, for the purpose of giving jurisdiction of his person, is not authorized by any law. If any such practice has prevailed, it is a vicious one, and should be abolished."

These are all the cases of the Pennsylvania courts to which our attention has been called, or that we have been able to find, relating directly to this statute and its effect. They do not seem to establish the construction contended for by the defense. The *Ralston* case is the latest of them, and is the decision of the highest court of the State. And while it does not necessarily determine that notice may

not be given to a citizen of the State by personal service upon him beyond its boundaries (which we assume may be done by way of substituted service when the statute so provides), it is clearly no authority in support of the defendant's contention, but its tendency is to the effect that such service, merely, gives no jurisdiction of the person of a defendant. And treating the question as one of construction of the statute only, we think the words " wherever found " in the statute do not embrace other States and countries as those within which the personal service can be effectually made to bring a party into court. It is, therefore, unnecessary to further consider the domiciliary status of the parties respectively, or any other question.

The judgment should be reversed, and a new trial granted, costs of this appeal to abide the final award of costs.

SMITH, P. J., and HAIGHT, J., concurred.

Judgement reversed, and new trial ordered before another referee, costs to abide the final award of costs.