O’Gorman, J.
The facts of this ease sufficiently appear in the findings.
On Eebrnary 14, 1887, the day of the auction sale of the lots purchased by the plaintiff, the defendant De Graaf was the owner, in fee, by virtue of a deed from James li. Inger *409 sol] and Ida, his wife, whereby the absolute and exclusive title in fee was vested in De Graaf. This was a warranty deed with full covenants, setting forth a consideration of §40,000, and dated and duly recorded on October 27, 188G. De Graaf continued to be the owner of record under this deed until March 1, 1887—sixteen days after the auction sale and the execution of the agreement of sale to the plaintiff, and the payment of a deposit by him on account of the purchase money to the auctioneer. Although the auctioneer did not make known the name of the owner at the time of the sale, yet the fact that De Graaf was the owner was known to the public and to the plaintiff at the time of the sale by the public record of the deed vesting the title in De Graaf. It w-as De Graaf who gave to the auctioneer the instruction to sell and supplied him with the map. He was present at the sale, received the deposit from the auctioneer as soon as it was paid by the plaintiff, and plaintiff had good and sufficient reason to believe that De Graaf was in ■fact, as he wras of record, the owner and vendor at the time of the'sale.
On March 1,1887, De Graaf conveyed the lots to defendant, Ida M. Ingersoll, by a deed of bargain and sale without covenants, and she tendered a deed with full covenants to the plaintiff, which the plaintiff refused.
Testimony was offered by defendants at the trial, subject to objection on the part of the plaintiff, that the deed of October, 1886, from Ingersoll and wife to De Graaf, was intended only as a mortgage to him as president of the Bowery National Bank, and to secure payment of money lent by the bank to Ingersoll.
The objection that this testimony was incompetent and irrelevant should, in my opinion, prevail.
The plaintiff was justified in depending on the recorded deed from Ingersoll and wife to De Graaf as conclusive evidence of title in him, and the deed from him to Ida M. Ingersoll in itself implied that the title u*as then in him with full power and right to convey to her in fee. But *410 were it possible to regard the deed to I)e Graaf as only a mortgage in intent and effect, a now difficulty would then arise, for an equity of redemption would then remain in James II. Ingersoll, who would then hold the position of mortgagor. By the terms of the contract of sale, the plaintiff was entitled to a warranty deed with covenants from the vendor, and Do Graaf was the vendor through the auctioneer as his agent (Bigler v. Morgan, 77 N. Y. 312, 317, 318, 319 ; Barlow v. Scott, 24 N. Y. 40 ; 3 R. S. 7th ed. 2181, § 54).
The next objection is, that the plaintiff was required to execute a purchase money mortgage, not to the vendor, but to the Bowery National Bank, a stranger to the transaction, as far as plaintiff and his rights and interests were concerned.
The plaintiff was justified in his refusal to execute this mortgage. It was not called for in his agreement. By his agreement, he was entitled to a good, perfect and indisputable title in fee, and to a full warranty deed, with covenants free and clear of all incumbrances—the deed to be given by the vendor.
The title tendered was defective as to one undivided fourth part of the property, which fourth part was vested in Theodore C. Bacon, an infant under the age of fourteen years, and residing outside this State, and he was never properly made a party to a suit in partition of the property, through which suit De Graaf and his grantor Ingersoll _ claimed title.
The affidavit on which the necessary order for service of the summons and complaint on this infant by publication was granted is objected to as insufficient. I think that this objection cannot be sustained (Kennedy v. N. Y. Life Ins. Co., 101 N. Y. 487).*
*411 The order for publication made on the affidavit, however, seems to me defective by reason of the omission to designate the post office in which the copy summons, etc., should be deposited, as required by section 440 of the Code of Civil Procedure (McCool v. Boller, 14 Hun, 73 ; Smith v. Wells, 69 N. Y. 600).
A further defect appears in the order appointing a guardian ad litem of the infant. The order failed to direct the guardian to give a bond, in compliance with section 1536 of the Code, which requires the filing of a bond with the clerk of the court, before the guardian can enter upon the execution of his duties ; and that such bond cannot be dispensed with even although he is the general guardian of the infant. These requirements I regard as peremptory and essential (Code Civ. Pro. § 1536).
The result is that the infant defendant was not served with summons, etc., and was not made a party to the suit; and until the infant has been served with summons, either personally or by substitution, no guardian ad litem could be appointed (Ingersoll v. Mangam, 84 N. Y. 622).
The guardian in this case did not file a bond at any time before the entry of the judgment in partition or until after the auction sale. Efforts were then made to cure this defect by orders “ nunc pro tunc.” These orders “ nun o pro tune” did not, I think, produce the desired result. The judgment *412 in the partition suit was entered up more than a year before the auction sale. The orders amending the proceedings were not obtained until March, 1887, after the auction sale. Xo notice of motion for these orders appears to have been given to the infant in- person or to the persons who liad been parties in the suit. A consent to the entry of these amendatory orders signed by the attorney who had represented the defendants in that partition suit is relied on, but, as I think, without good reasons; for his powers as. attorney in the suit had expired at the time the orders to amend were applied for and obtained (Lyon v. Lyon, 67 N. Y. 250).
. There is no way by which an infant can be brought in court in a partition suit but by personal or substituted service ; and until that has been made a guardian ad litem cannot be appointed (Ingersoll v. Mangam, 84 N. Y. 622). In all litigations in which infants’ interests are concerned, special care should be taken that they be protected by every safeguard that the law has provided in their behalf.
• This is an action at law to recover the deposit paid by the plaintiff, and the damages to which he has been subjected by reason of the breach of contract by the defendant De Graaf. The burden is on the plaintiff to prove that the contract has been broken (Bayliss v. Stimson, 53 Super. Ct.[J.& S.] 225).
The defendant DeGraaf, through the auctioneer acting as •his agent, contracted to give plaintiff a good, perfect and indisputable title, free from all incumbrances. This, is mjT opinion, he has failed to do, and plaintiff is entitled to judgment against defendant for the relief demanded in his complaint

 In this case an affidavit, upon which an order for service of summons by publication under Code Pro. § 135, was granted, stating that the defendants “ cannot after due deligence be found within this State,” that they were residents of other States named, and that the *411 summons “was duly issued for said defendants, but cannot be served personally upon them by reason of such non-residence,” was held sufficient to sustain the order and to give the court jurisdiction, at least where collaterally brought in question, and the court distinguished Carleton v. Carleton, 85 N. Y. 313 (a case relied upon in the case in the text to sustain plaintiffs objection to the.affidavit), where the affidavit stated, “that defendant has not resided in the State of New York since March, 1877, and deponent is advised and believes is now a resident of San Francisco, California,” and it was held, that this was not sufficient under Code Pro. § 135, to authorize, the granting of the order; that it was merely an allegation of non-residence, and did not tend to establish that defendant could not, after due diligence, he found within the State.