(31 Misc. Rep. 54.)

VER PLANCK v. GODFREY et al.[1]

(Supreme Court, Special Term, New York County. March, 1900.)

PROCESS—PUBLICATION—ORDER—SUFFICIENCY.

An order for publication of a summons, which fails to specify the post office in which copies are directed to be deposited, as required by Code Civ. Proc. § 440, is insufficient.

Action by Virginia E. Ver Planck against Mary A. Godfrey and others to foreclose a mortgage. Motion to vacate an order of publication. Granted.

Wyatt & Trimble, for plaintiff.

Alden & Carpenter, for defendant Godfrey.

LEVENTRITT, J. The action is to foreclose a mortgage, and application is made to vacate an order of publication. While the allegations tending to show the inability with due diligence to make personal service of the summons are intrinsically weak, and are fairly open to the criticism that the efforts made disclose a failure to follow up the ordinary channels pursued in order to obtain information, the more serious defect is a noncompliance with section 440 of the Code of Civil Procedure, in that the post office in which the copies are directed to be deposited is not specified in the order. The order provides that "plaintiff deposit in the general post office three sets of copies." The caption of the order reads, "Supreme Court, State of New York," and it is dated, "New York, December 21, 1899." The old Code required merely that the order direct the copies be deposited "in the post office." Section 135. The Code of Civil Procedure requires the order to direct "a specified post office" (section 440), and it has been held in several instances that the omission to specify constituted a fatal jurisdictional defect. Bank v. Powers, 43 App. Div. 178, 59 N. Y. Supp. 314; McCool v. Boller, 14 Hun, 73; Walter v. De Graaf, 19 Abb. N. C. 406; Smith v. Wells, 69 N. Y. 600. The use of the words "general post office" is not, in my opinion, a sufficient compliance with the Code provision. The order is equally defective whether we regard the required designation as referring to a differentiation into general and branch offices, or, as is more proper, referring to the locality in which the office is situated from which the mailing is to take place. There are a number of "general" post offices in the present consolidated city of New York, and no locality whatsoever is designated. As the Code, of course, applies to the whole state, to hamlets and villages where there is merely a single post office as well as to the large cities where there are many, it seems evident that

[1] Affirmed in 63 N. Y. Supp. 1117.

the territorial locality was intended to be designated under the requirement of a specified post office. The motion to vacate the order of publication must be granted, with $10 costs.

Motion granted, with $10 costs.