ALBANY,
Feb. 1835.

Gardner
v.
Luke.

---

### Gardner and wife *vs.* Luke and others.

In *partition*, an order for the sale of the premises may be made without a reference to the clerk to search for liens and encumbrances, unless such reference is asked for by one of the parties.

On applying for *an order of sale* in a case prosecuted in this court for the *partition of lands*, the counsel for the plaintiff submitted to the court the question whether, under the statutes for the partition of lands as found in the revised statutes and the act amending the same, passed in 1830, it is *compulsory* that an order shall be entered requiring the clerk to ascertain and report whether the shares of the parties to the suit are *subject to liens and encumbrances*, or whether it is *optional* with the party prosecuting the suit to enter such rule, or omit to enter it, as he shall think proper. The counsel for the plaintiffs submitted the following view of the question:

By the revised statutes, 2 R. S. 324, § 42, it is required that the rule in question *shall* be entered; but this section is amended by the act of 1830, Laws of 1830, p. 396, § 42, which makes it the duty of the court, *on the motion of either party*, to direct that persons having specific liens shall be

February 5.

made parties, *and* that the clerk shall ascertain and report en-
cumbrances.    By the revised statute, it was not necessary to
make creditors having liens parties to the suit, 2 R. S. 318,
§ 8; which provision is amended by the act of 1830, so that
now it is not necessary *in the first instance* to make such cre-
ditors parties.    By the revised statutes, conveyances after sales
are declared a *bar* against all persons interested, who shall
have been named as *parties in the proceedings,* 2 R. S. 327, §
61 ; which section is amended by the act of 1830, p. 397, § 45,
*declaring that such* conveyances shall *also be a bar* against all
persons having *general liens,* to whom notice has been given,
and against all persons having *specific liens* who shall have been
made parties to the proceeding.    From which several provi-
sions it was insisted that one object of the act of 1830 was to
save expense in reference to searches for liens and encumbran-
ces which it was apprehended would in many cases be very
heavy ; that the order for such searches, which by the revised
statutes was *directory* upon the court, is now *optional* with the
party, it not being the duty of the court to make such order,
except *on the motion of one of the parties ;* and that no possi-
ble injury can result from the omission to make such order, as
the sale and conveyance cannot affect persons having *general*
or *specific liens,* unless notice has been given to them, or they
have been made parties to the suit.

The counsel adverted to another provision of the revised
statutes, by which it is enacted, that if there be a *lien* on the
*undivided interest* of *one* of the parties, and *partition* be made,
such lien shall attach to the share allotted to such party.    2
R. S. 318, § 9.    By the act of 1830, it is enacted, page 396,
§ 42, that where there is a *specific lien* upon the *undivided
share* of one of the parties, and the creditor shall not have
been made a party to the proceedings, the court, *on the motion
of either party,* shall direct that the creditor be made a party,
and that the clerk ascertain and report whether the shares of
the parties in the suit are subject to any *general lien* or en-
cumbrance ; which provisions, it was remarked, still left it *op-
tional* with the plaintiff whether he would or would not make
the creditor a party ; and at all events that the act of 1830,
in this respect, was not *mandatory* upon the court, except on

the motion of one of the parties. If 'the creditor is not made a party, his rights are not affected by the proceedings, and the only consequence to the party prosecuting the partition is, that if the premises are sold, they will be sold *subject to such lien.*

ALBANY,
Feb. 1835.

Cronly
v.
Brown.

THE COURT approved of the above view of the statutes, and held that a reference to the clerk to ascertain liens and encumbrances is not *imperative*, except on the motion of either party. A rule for a sale of the premises was accordingly ordered without a reference to the clerk in respect to liens, &c.