## NOBLE v. CROMWELL.

### March, 1860.

#### Affirming 6 Abb Pr. 59; S. C., 26 Barb. 475.

A purchaser at a partition sale, who, during the suit, has taken a conveyance of an interest in the land, expressed to be subject to the proceedings pending, cannot refuse to take title under his bid on the ground that he was not made a party.

A purchaser at a partition sale cannot refuse to take title on the ground that the pleadings did not correctly or sufficiently state the interests of the parties, nor that the referee did not append searches to his report, for this is now unnecessary ;* nor that he did not advertise for liens, if he certified that no liens existed.

Charles Bridge petitioned the supreme court to be released from a purchase he had made at a partition sale, held under decree of the court. The partition was made in an action between Wm. H. Noble and wife, and Charles T. Cromwell and thirteen others. The facts material to the objections now raised were as follows:

The complaint in the partition suit averred that one Benja-

---

* It is required in foreclosure.  *Rule* 77 of 1870.

min Brooks devised certain land to his children, naming them. That, at his death, the land was subject to a mortgage which was afterward foreclosed, and the land bought in at the sale, by C. T. Cromwell, one of the defendants, for the benefit of the parties interested, and he afterward conveyed to Harriet Noble, the wife of the plaintiff in partition, her undivided proportion of the premises. The complaint in partition alleged that the heirs were seized in fee, &c., and that one Bull was entitled to be repaid a certain sum out of the shares of two of the heirs. It appeared that, in fact, Bull had taken a conveyance to secure this claim; but this was not alleged. Bull was made a defendant, and his answer admitted the allegations of the complaint.

It appeared in the petition, that the action was commenced by the parties under an arrangement with one George Bridge, who had made an executory contract to purchase from a majority in interest their shares. Pending the action Charles Bridge, the petitioner, took an assignment of this contract, and before judgment some of the defendants conveyed to him, pursuant to the contract, and their deeds were expressed to be subject to the partition action.

Besides the objections taken by the petitioner, which are mentioned in the following opinion, the objection was made that Mrs. Noble had only a life estate, under the terms of the will.

*The supreme court* held, that the judgment was amendable in this respect by inserting a provision requiring her share of the proceeds to be brought into court; and they overruled the other objections upon substantially the same grounds as those assigned by this court.

The petitioner appealed.

*Philo T. Ruggles*, for the appellant;—Cited Burhans *v.* Burhans, 2 *Barb. Ch.* 398; Armory *v.* Lord, 9 *N. Y.* (5 *Seld.*) 403.

*Charles T. Cromwell* and *William C. Betts*, for respondents;— Cited Atkinson *v.* Manks, 1 *Bland Ch.* 18, 5, 12; *Id.* 150; also, 1 *Cow.* 691; Raquer *v.* Clark, 3 *Code R.* 230; 7 *Barb.* 581; *Mitf. Pl.* 173; *Col. on Parties*, 48; Mead *v.* Mitchell, 17 *N. Y.*

210 ; 5 *Abb. Pr.* 92 ; *Story Eq. Jur.* § 656, *a ;* Nodine *v.* Green-
field, 7 *Pa.* 544; Blakely *v.* Colden, 73 *How. Pr.* 478; Darwin
*v.* Hatfield, 4 *Sandf.* 468; Waring *v.* Waring, 7 *Abb. Pr.* 472 ;
Gardner *v.* Luke, 12 *Wend.* 269 ; Hall *v.* Partridge, 10 *How.
Pr.* 190.

BACON, J. [After questioning the whether the order was ap-
pealable.]—If the appeal is effectual for any purpose, it must
be confined to the questions made by the second and third
points presented by the appellant.

The first relates to the necessity of making the appellant a
party to the proceedings in partition, and the second to alleged
irregularities in the proceedings, by which it is averred that a
good title was not offered to the purchaser.

As to the first objection, it is sufficient to say that the ap-
pellant was not a tenant in common of the premises at the
time of the commencement of the proceedings for partition.
He purchased from some of the parties and took a conveyance
*pendente lite,* and after the statutory notice had been filed.

Besides, he purchased subject to the proceedings then pend-
ing, and this was expressed in terms by a clause in the convey-
ance he received, and which vested in him the shares of the
grantors, as parties to the proceedings. By purchasing at the
sale, with the knowledge that he held such a conveyance, he
became vested with the title of the parties to the suit in parti-
tion, as well by virtue of the sale under the judgment in that
suit, as by the conveyance; and it would be a strange proposi-
tion, if he could be heard to object to his title as defective,
because, in addition to his purchase upon the sale, he had also
a conveyance from some of the parties to the proceeding itself.
The case of Burhans *v.* Burhans, 2 *Barb. Ch.* 398, decides
nothing adverse to this conclusion; since it clearly appeared
in that case that the title of the person who was not made a
party to the proceedings in partition accrued many years before
the suit was instituted.

The second ground on which the appellant asks to be re-
leased from his purchase is, alleged irregularities in the parti-
tion suit. The answer to this, given by Judge INGRAHAM, at
special term, is entirely conclusive, to wit: that they do not

in any respect affect the title of the purchaser; any error in stating the precise interests of the parties, or the shares to which they are entitled, is quite immaterial, because the persons interested were all parties to the proceedings, and are concluded by the judgment.

The objections, too, are of a light and almost frivolous character. It is said, for instance, that to the report of the referee upon the title there is appended no search for mortgages or conveyances incumbering or affecting the title. There is no rule that I am aware of that requires this to be annexed, although, doubtless, it is a common and very convenient practice to do so. In his report, the referee states the fact explicitly that he had caused the necessary searches to be made, and he certifies that no creditor not a party to the suit had any lien by way of mortgage, devise, or otherwise, excepting the mortgage of the defendant Cromwell, the amount of which he specifies.

The other objection, that it does not appear that the referee advertised for liens, is equally untenable. Since the case of Gardiner *v.* Luke, 12 *Wend.* 269, the practice has been uniform, in accordance with the construction which the court gave to the statute in that case, not to publish the notice unless by advice of the court, or unless it is required by some party to the suit. If there are no liens, the advertisement is an expensive superfluity. The report of the referee distinctly certifies that there are no such liens. It is not enough for the purchaser simply to allege the omission of an advertisement, and ask the court to infer therefrom that perchance there may be some outstanding incumbrance that may affect his title. If any such liens in fact exist, the purchaser should furnish affirmative evidence thereof, and ask to have them removed, or that he be relieved from the obligations incurred by him as such purchaser. Until this is done, he presents no case for the interference of the court.

The judgment should be affirmed.