(119 App. Div. 843)

UNGRICH et al. v. SHAFF et al.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

1. VENDOR AND PURCHASER—CONVEYANCE BY VENDOR—ENCROACHMENTS.

　　A vendor contracted to convey an unimproved lot. The foundation of a building adjoining the lot on one side was constructed of stone, some points of which, together with droppings of mortar, projected over the line an inch or two. The stability of a house on the unimproved lot with a wall on the line would not be affected by the encroaching foundation wall of the adjacent building. A part of the adjacent lot had been filled, and was retained by a wall which encroached on the unimproved lot five inches, but could be removed at a very slight expense. *Held*, that the encroachments were not substantial, and the vendor could enforce specific performance.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 255.]

2. SAME—PART PAYMENT OF PURCHASE PRICE—RECOVERY BY PURCHASER—LIEN.

Where, in a suit by a vendor for the specific performance of a contract for the purchase of land, the purchaser interposed a counterclaim for the part of the purchase price paid, and succeeded in the action, he was entitled to a lien on the land for the amount of the purchase price paid, but not for counsel fees paid or expenses incurred in examining the title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 985.]

Appeal from Special Term, New York County.

Action by Margaret E. Ungrich and another against David Shaff and another. From a judgment dismissing the complaint on the merits and adjudging that defendants recover on their counterclaim, plaintiffs appeal. Reversed, and new trial ordered.

This action was brought for the specific performance of a contract for the sale of real estate, and defendants interposed as a counterclaim part of the price paid by them.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and LAMBERT, JJ.

Norman W. Chandler and Harold Swain, for appellants.
Emil Goldmark, for respondents.

McLAUGHLIN, J. This action was brought to compel specific performance of a contract for the sale of certain unimproved premises situate at the northwest corner of Amsterdam, avenue and 173d street in the city of New York. The contract describes the lot as 35 feet on the street and 100 feet on the avenue. It does not contain the customary words "more or less" after giving the dimensions. The defendants refused to take the title, on the ground that the plaintiffs were not in possession of the property contracted to be conveyed, in that the walls of the house and yard adjoining encroached. The court found as a fact that the foundation wall of the building adjoining on the west encroached for its entire length (some 54 feet) from 1 to 1½ inches, and that the retaining wall of the yard immediately behind the building encroached at least 5 inches for the remaining 46 feet; and as a conclusion of law that the plaintiffs were not entitled to specific performance. The complaint was accordingly dismissed upon the merits, and judgment rendered for defendants for $2,327; being the amount they had paid at the time the contract was signed, with interest, and an allowance of $165 for counsel fee and disbursements in the examination of the title, for which they were given a lien upon the premises.

Substantially the only question presented on this appeal is whether the encroachments found were of such a character as to justify the defendants in refusing to take title. The rule seems to be well settled that in determining such questions the court will weigh the object and inducement of the purchaser, and, looking into the merits and justice of each particular case, relieve or not from the purchase according as the character of the transaction and circumstances may appear to require. Riggs v. Pursell, 66 N. Y. 193; Merges v. Ringler, 34 App. Div. 415, 54 N. Y. Supp. 280, affirmed on opinion below 158 N. Y. 701, 53 N. E. 1128. There can, of necessity, be no fixed rule for determining the extent of an encroachment necessary to bring any

particular case outside the rule "De minimis non curat lex," since the facts in each case are invariably different, and the test to be applied is to consider whether the encroachment is substantial enough to seriously interfere with the use and enjoyment of the premises.   Each case must be determined upon its own merits.

The building adjoining the property on the west was of brick, and its easterly wall extended over 3 feet below the curb level.   This wall did not encroach at all on the premises contracted to be sold.   It was supported by a foundation wall, roughly constructed of stone, the surface of which was irregular.   Some points of the stone, together with droppings of cement and mortar, projected over the line of the lot from 1 to 2 inches, but whether or not any of the substantial portion of this foundation wall encroached is not clear.   One of the plaintiff's witnesses, a practical builder, testified that it would be possible to build a house on the property in question, whose wall would be on the record line down to a point over 3 feet below the curb, and that its stability and solidity would be in no wise affected by the encroaching foundation wall, and his testimony in this respect does not seem to be contradicted.   He also testified that a stone mason could chip off the encroaching portion of the wall in three or four days' work at a cost of $3 or $4 a day.   While it is true that an encroachment below the surface is worthy of consideration, yet it is quite evident that this encroachment would not interfere in any material or substantial way with the use to which the property would naturally be put, and that a building could be erected exactly upon the record line.   It would also have been very easy, at a slight cost, to remove the encroaching portions of this wall, if desired.   In view of these facts I do not think that an encroachment which the court below found to be from 1 to 1½ inches over 3 feet below the curb level can properly be called substantial, or that it would interfere in any way with the full enjoyment of the property contracted to be sold.   The case, therefore, comes within the rule de minimis and is not of sufficient consequence to warrant a refusal to take title.   Geffin v. Schneidler (Sup.) 103 N. Y. Supp. 1126.

A somewhat different question is presented by the retaining wall. The yard in the rear of the building had been filled in up to the level of the basement floor, and to retain the dirt a wall of loose stones had been built, the top of which was about on the level with the yard and some 3 feet below the top of the foundation wall.   This wall encroached something like 5 inches.   There was evidence to the effect that when the wall was built in 1898 it stood exactly on the record line.   Whether it did originally stand exactly on the line and the pressure of the dirt in the yard had forced it over, or whether it had encroached in its original position, I do not think it can be said, considering the nature of the wall, to be a defect in the title.   One of the plaintiffs' witnesses, who had examined the wall the night before, testified the stones were very loose; that most of them could easily be driven back over the line.   It might have been impracticable, considering it was built of loose stones, to attempt to cut off the encroaching parts, but it is quite evident that they could have been removed at very slight expense.   If, instead of the retaining wall, there had been

merely a pile of stones extending over on the plaintiffs' yard 5 or 6 inches, I do not think any claim could reasonably be made that the plaintiffs were not in possession and could not convey good title. This retaining wall was hardly a more serious matter. It is true that it kept in the dirt used to fill the adjoining yard, but it could be removed almost as easily as a pile of loose stones could, being built of small stones without mortar or cement.

I am of the opinion, therefore, that neither of the encroachments complained of was substantial enough to justify the vendees in refusing to complete their contract, and they should not be relieved of it because of an immaterial objection. The case, as already indicated, it seems to me comes with the rule "De minimis non curat lex."

The court below seems to have proceeded on the theory that, as time was made of the essence of the contract in the closing of the title, and no tender of compensation for the encroachments was made, the vendees could not be compelled to perform, but if my conclusion that the encroachments were immaterial is correct, then the vendors were entitled to performance in the first instance, and it is unnecessary to consider any further point. It may, however, not be out of place to call attention to the fact that the sum of $165 allowed as counsel fee and disbursements in examining the title was included in the judgment, for which a lien was given. This, in my view, was erroneous. This court has recently held (Occidental Realty Co. v. Palmer, 117 App. Div. 505, 102 N. Y. Supp. 648) that a vendee has a lien on the land contracted to be sold only for the amount of the purchase money paid. He may be entitled to recover counsel fees paid, or expenses incurred in examining the title, by way of damages, but he cannot have a lien on the land for the money thus paid.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.