CARTER v. BUILDERS' CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. December 24, 1908.)

1. MORTGAGES (§ 510*)—FORECLOSURE—ADVERTISEMENT OF SALE—LEASE.
   Where mortgaged premises were subject to a recorded lease for a term of years, the advertisement and terms of sale in foreclosure should state that the sale was subject to the lease, and describe it by its date, place of record, and terms.
   [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 510.*]

2. MORTGAGES (§ 510*)—FORECLOSURE—SALE—ADVERTISEMENT—CONTENTS.
   Where a junior mortgage on the premises in question had been held void in foreclosure proceedings, and an appeal had been taken, which was undetermined, when the premises were about to be sold on foreclosure of a senior mortgage, the advertisement and terms of sale should disclose the judgment, invalidating the junior mortgage, and the appeal.
   [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 510.*]

Appeal from Special Term, New York County.

Action by William Carter against the Builders' Construction Company and others. From an order of the Special Term, directing a referee in mortgage foreclosure proceedings to amend his advertised notice of a proposed second sale of the mortgaged premises, and of his terms of sale, plaintiff and the Builders' Construction Company appeal. Modified and affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

George A. Stearns, for appellant Carter.
Howard A. Sperry, for appellant Builders' Const. Co.
Saul Bernstein, for respondents.

CLARKE, J. Plaintiff claimed to be the owner of two mortgages made by the defendant Builders' Construction Company. This action was instituted to foreclose the second of those two mortgages. The property mortgaged is situate at Washington and West Eleventh streets, in the city of New York. The Builders' Construction Company is the owner of that property. The defendants John Holl and Bernard Holl were judgment creditors of the Builders' Construction Company, and had a judgment lien against the premises. There are two superior mortgages, aggregating $164,500, against the same premises. Prior to the trial of the issues in this action, an action was brought by the same plaintiff as in the action at bar to foreclose the first of the two mortgages held by him, an alleged purchase-money mortgage securing the payment of the sum of $12,500. Judgment for defendants was entered in that action April 29, 1908, dismissing the complaint upon the merits and adjudging said mortgage to have been executed and delivered without consideration, and that the same is invalid. and void. Subsequently the plaintiff served a notice of appeal from said judgment and made a motion for a stay, which motion was granted by an order dated June 2, 1908, upon certain conditions. The plaintiff, not having made his election as provided in said order, the motion for a stay was denied, and thereafter an order, dated July 14, 1908, was en-

tered, providing that said mortgage be canceled and that the register state upon the record thereof that it was so canceled by order of the court pursuant to judgment, and the same was actually canceled in the clerk's office of the county of New York, and the record thereof in the register's office of the county of New York was also actually canceled. A judgment was entered on April 29, 1908, in the case at bar, on the second mortgage belonging to the plaintiff, a sale ordered, and a referee appointed for such purpose. The notice of sale contained the following:

"The premises will be sold subject to the following: A first mortgage of $150,000, with interest from March 1, 1908, at 5 per cent. A second mortgage of $14,500, with interest at 6 per cent. from December 18, 1907, which mortgage is now being foreclosed. A third mortgage of $12,500 has been decreed null and void, and an appeal from said judgment is now pending. Also subject to a lease on said premises for the term of 15 years from May 1, 1906."

The defendants Holl made a motion for an order to direct the referee, in his advertisements of the sale and in his terms of sale, to make no reference to the mortgage of $12,500 decreed by this court to be null and void, or to the appeal from said judgment, and that the advertisement of sale and the terms of sale should fully and correctly set forth the terms of the lease of the mortgaged premises. Thereupon the court made an order that the advertisement and terms of sale should make no reference of any kind to the third mortgage of $12,500, decreed by this court to be null and void, or of the judgment of this court to that effect, or of the appeal from said judgment of this court, and also ordered that in said advertisement and terms of sale the referee should state that the premises will be sold subject to a lease and describe said lease by its date, to wit, "dated July 31, 1905," and its record, to wit, "recorded in the office of the register of the county of New York on May 25, 1906," and by its terms of years, to wit, "which lease has to run for 15 years from May 1, 1906." From these directions in the order, the plaintiff and the defendant Builders' Construction Company appeal.

So far as the order directs that the advertisement and the terms of sale should state the date and record and the term of years of the lease is concerned, there can be no doubt but that the order was correct. By the insertion of such facts in the terms of sale proposed purchasers would be notified of the existence of a lease and where and when recorded, and by such notice of entry would be held to be bound by the terms of the instrument so recorded. So far as the order directs the omission from the terms of sale of all reference to the prior mortgage and the judgment which had decreed it to be void and directed it to be canceled, and the appeal pending from said judgment, we think the order erroneous. If the property were sold by the referee upon the judgment in the case at bar without such notice, a careful conveyancer, upon discovery of the state of the record, might well refuse to permit his client to perform and take title, and we are persuaded that under such circumstances the court would not compel a purchaser to specifically perform.

If the appeal from the former judgment should be successful, and that judgment should be reversed, and the mortgage there in suit de-

clared valid, it would be reinstated as a prior lien upon the property in question. A purchaser at a judicial sale without notice cannot be compelled to run the risks of pending litigation, nor required to determine at his peril how that litigation may terminate. He would find upon record a lis pendens and a complaint setting forth a good cause of action to foreclose a prior mortgage, a judgment declaring that mortgage invalid, and an appeal pending from said judgment. The Court of Appeals said in Simon v. Vanderveer, 155 N. Y. 377, 49 N. E. 1043, 63 Am. St. Rep. 683, where a lis pendens and the complaint had been filed:

"In other words, he must look to the complaint and see whether it states a cause of action. * * * To require the purchaser to go outside and look up the evidence upon which an action was based, and then determine whether it could be maintained, would impose upon him a burden which we think would be unjust and not warranted by the authorities."

So, in this case, to compel him to look up the evidence and to examine the law, to determine for himself whether an appellate court would or would not affirm the judgment referred to, would be to require him to take a responsibility which we are not prepared to say could properly be imposed upon him.

The order, therefore, should be modified, by striking out the portion thereof which directs all reference to the prior mortgage judgment, and the appeal therefrom pending, from the advertisement and the notice of sale, and, as so modified, affirmed, with $10 costs and disbursements to the appellants. All concur.