IDA LIPPERT, Plaintiff, v. BERNARD GATES et al., Defendants.

(County Court, Erie County, October, 1911.)

Guardians ad litem and special guardians — Appointment: Order — In partition — Must require security; Objections and defects and waiver thereof: Bonds of guardians — Amendment of bond.

In an action for partition the bond of a guardian ad litem for an infant defendant may be filed after the entry of judgment nunc pro tunc, where the proper order has been made requiring

the filing of the same; but where no such order was made before judgment it cannot be made *nunc pro tunc* afterward.

In such an action, a reference to ascertain creditors must be ordered or expressly dispensed with by the court and cannot be dispensed with by the referee merely.

ACTION for partition.

Leon J. Nowak, for plaintiff.

Charles A. Hahl, in person.

TAYLOR, J. This is a partition action. Mr. Hahl purchased at the sale under the final judgment and paid ten per cent. of the bid, down. The plaintiff now makes a motion to compel him to complete his purchase by paying balance due. The purchaser advances many reasons why the title is not good, and why, therefore, he should not be compelled to complete. Some of these objections I deem unimportant. However, there are several which deserve attention, as follows:

(1) When a guardian was appointed for infant defendants, the order did not provide for the filing of a bond pursuant to our Code of Civil Procedure. Afterward an order was obtained allowing the execution and filing of this bond *nunc pro tunc*. This guardian waived notice of application for final judgment, and, although plaintiff's counsel claims that the guardian appeared on application for final judgment and that the judgment so recites, I fail to find any such recital therein.

(2) The purchaser claims that there was no testimony before the referee upon which he could properly find that a possible contract interest of one Frank Szkaplewicz was wiped out.

(3) The purchaser claims that there was no reference to ascertain whether there were any creditors not parties who had liens on the interest of any party, nor was there any order dispensing with such reference.

As to point No. 1, it is held in Croghan v. Livingston, 17

N. Y. 218, that a guardian's bond may be filed *nunc pro tunc,* even after judgment. It is also provided in chapter 277 of the Laws of 1852, which seems to be still in force, that a guardian's bond may be filed by order of the court or judge, before judgment, or, in case of actual partition, after judgment. However, I have found no authority going so far as to hold. that, where the order appointing the guardian is silent as to a bond, the authority for executing and filing the same may be given *nunc pro tunc.* The old case of Jenkins v. Jenkins, 2 Abb. Pr. 6, states in an opinion which seems to be well considered, that, where an order appointing. a guardian does not provide for a bond, such a step cannot be taken *nunc pro tunc;* and I am inclined to believe this view to be best.

As to the second point, plaintiff's counsel seems to be in error as to his having testified before the referee relative to the contract mentioned. And it further appearing that the testimony given may have been incompetent under section 829 of the Code of Civil Procedure the .guardian should have been present and raised that objection.

As to objection No. 3, relative to creditors' liens, in Noble v. Cromwell, 3 Abb. Ct. App. Dec. 382, it is held, citing Gardner v. Luke, 12 Wend. 269, that, under chapter 320 of the Laws of 1830, the reference to ascertain creditors is not essential, unless one of the parties so requests. Said chapter does read in this way. However, section 1561 of our Code says, " the court must, either with or without application by a party, direct a reference," etc., or " may direct or dispense with such a reference, in its discretion," etc.

Therefore, as I view it, and as is expressly held in Wilde v. Jenkins, 4 Paige, 481, this present provision is mandatory, and either the reference must be specifically directed, or dispensed with by the court, and cannot be dispensed with merely by the referee.

Therefore, under all the circumstances, I think that the plaintiff's motion should be denied, with ten. dollars costs. And, in case plaintiff's counsel agrees with my conclusions, I take the liberty, for the purpose of preventing future troubles as to the title, to suggest that all proceedings should

be vacated back to and including the order appointing a guardian, in order that the subsequent steps may be properly taken as hereinabove indicated.

Judgment accordingly.