LINCOLN TRUST COMPANY, as Sole Surviving Substituted Trustee under the Last Will and Testament of MARY G. PINKNEY, for the Benefit of JULIA MORRIS and CURTISS LAWRENCE, Respondent, *v.* WILLIAMS BUILDING CORPORATION, Appellant.

First Department, April 12, 1918.

**Real property — suit for specific performance — agreement to convey unincumbered title — restrictions placed upon property by board of estimate and apportionment — when vendee will not be compelled to perform.**

Where a vendor of real estate agreed to convey the premises "free and clear of all incumbrances" the vendee will not be required specifically to perform and take title where it appears that the premises are incumbered by restrictions placed upon the use thereof by a resolution of the board of estimate and apportionment of the city of New York pursuant to the statutory authority to impose restrictions in certain zones if the vendee at the time of the contract had no knowledge of such restrictions.

The vendee will not be charged with constructive knowledge of such restrictions which could only have been discovered by an examination of the records of the board of estimate and apportionment.

CLARKE, P. J., and DOWLING, J., dissented, with memorandum.

APPEAL by the defendant, Williams Building Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of August, 1917, directing the specific performance of an agreement to purchase real estate upon the decision of the court after a trial at the New York Special Term.

*Charles C. Peters* of counsel [*Krakower & Peters*, attorneys], for the appellant.

*Abram I. Elkus* of counsel [*Wesley S. Sawyer* with him on the brief; *Elkus, Gleason & Proskauer*, attorneys], for the respondent.

Smith, J.:

The action is brought to compel the defendant to take title to a block fronting on Edgecombe and St. Nicholas avenues in the city of New York under a contract of sale dated August 21, 1916. By the contract the plaintiff agreed to convey the premises free and clear of all incumbrances with certain exceptions mentioned and not here in question. The defendant refused to take title upon the ground that the premises were incumbered by the restrictions placed upon the use thereof by reason of a resolution of the board of estimate and apportionment placing the area in which the said premises were located in a zone in which the use of the buildings was restricted. This resolution was passed on July 25, 1916, pursuant to sections 242a and 242b of chapter 466 of the Laws of 1901, as added by chapter 470 of the Laws of 1914, and as further amended by chapter 497 of the Laws of 1916. The statute gives to the board of estimate and apportionment power to designate certain areas to which these restrictions shall apply. It is not questioned that these restrictions were material and affect the value of the property in question, and that all the steps specified in this zoning act to make effectual the restrictions were duly complied with. It appears in the case, however, that the defendant had no actual knowledge that the premises in question had been placed by the board of estimate and apportionment in an area wherein the use of the premises was restricted and the sole question for our determination is whether the existence of these restrictions, unknown to the purchaser, constitutes such an incumbrance as will relieve the purchaser from its obligation to complete its purchase under the contract.

There seems to be no doubt if these restrictions had been placed upon the property by the acts of the former owner that they would constitute such an incumbrance as would

relieve the purchaser under a· contract to convey free and clear from incumbrances. The court at Special Term, however, held that these restrictions under the act and the resolution of the board of estimate and apportionment do not constitute an incumbrance, but are in the nature of a governmental regulation, and that, under the presumption that all contracts are presumed to have been made in view of the existing law, this contract will not be construed as an agreement to convey free and clear of these restrictions.

It is difficult to see if these restrictions constituted an incumbrance when placed upon the property by deed why they do not constitute an incumbrance when placed upon the property by an act of the Legislature. It is unnecessary to pass upon the question as to whether they constitute such an incumbrance as requires compensation to the owner in order legally to justify the same. If the restrictions are such as when placed upon the property by the prior owner, to constitute an incumbrance, it would seem to follow that it was the fair intention of the parties in a contract to convey free from incumbrance that the property was to be conveyed free from such restrictions.

To what extent rights of the parties may depend upon the fact that these restrictions were put upon the property pursuant to an act of the Legislature presents a different question. Authorities are not necessary to the proposition that in the making of contracts the law of the place enters into the contract and is deemed a part thereof as though its terms were included, but these restrictions were not placed upon this property by any public statute, nor were they placed thereupon by an ordinance of the city. The statute authorized the board of estimate and apportionment, upon the report of a commission duly appointed, to select certain areas in the city of New York within which area the use of property should be subjected to certain restrictions. The property in the city generally was not subject to any named restrictions but only certain parts thereof as might be selected by the commission with the indorsement of the board of estimate and apportionment, and as to those parts thus selected, the restrictions were varied, some of the property being made subject to some restrictions and other property to other

restrictions.   The determination of the board of estimate and apportionment was not required to be made public and a citizen could only learn of restrictions placed upon property by an examination of the records of the board of estimate and apportionment and of the maps which would be presumptively therewith filed.   This vendee had no actual knowledge of these restrictions and to hold that he had constructive knowledge to the extent of reading them into his contract to purchase land free and clear of incumbrances would be going a step further than the cases have gone and, in my judgment, would place upon him an unreasonable burden. In the case of *Anderson* v. *Steinway & Sons* (178 App. Div. 507) this court held no other rule.   In that case the contract was made prior to the passage of the zoning resolution by the board of estimate, placing restrictions upon the use of the property which the vendor had agreed to convey free and clear of incumbrances.   As I read the opinion of Mr. Justice SCOTT, it is not intended to hold that the contract would have been enforced, if this resolution had been passed prior to the making of the contract.   Such a holding in that case would have been pure obiter, and that case was affirmed in the Court of Appeals (221 N. Y. 639) upon the single ground that it would have been a hardship upon the defendant to have been compelled to take title to property where the purposes for which it purchased it had been prevented by the resolution in question, passed after the making of the contract, or could only be carried out by successfully maintaining in the courts that such ordinance was unconstitutional.   It is held in some cases that the vendee may be compelled to take title under a contract to convey free and clear from incumbrances when he had full knowledge of existing incumbrances which could not be removed by the vendor.   But the Court of Appeals has held that that rule cannot apply when the party only has constructive notice of the incumbrances unless those incumbrances are apparent " upon the premises " themselves. (*Hymes* v. *Estey*, 116 N. Y. 508.)   A distinction is made in some of the cases between an executed and an executory contract.   A vendor contracting to convey free and clear from incumbrances should be held to the strict letter of his contract.   The court will not decree specific performance by

the vendee where it would be inequitable so to do. In my judgment the plaintiff has failed to establish his right to equity and the judgment must be reversed and the complaint dismissed. Judgment should also be directed for the defendant for the recovery of the deposit made upon the signing of the contract and the moneys paid for the cost of examining the title. Costs of this appeal and in trial court to defendant.

LAUGHLIN and SHEARN, JJ., concurred; CLARKE, P. J., and DOWLING, J., dissented.

CLARKE, P. J. (dissenting):

The building zone resolution was adopted by the board of estimate and apportionment on July 25, 1916. It took effect at once, and, from that day, it and the maps which were a part of it were matters of public record in the board of estimate. The power to pass this resolution was given by chapter 470 of the Laws of 1914 (adding to Greater N. Y. Charter [Laws of 1901, chap. 466], §§ 242a, 242b), as amended by chapter 497 of the Laws of 1916.

In my opinion the building zone resolution is not an incumbrance within the meaning of the contract. The resolution was obviously intended as a mere police regulation of business and premises. It is a police regulation such as the Tenement House Law or Building Code and numerous other regulations which are never mentioned in contracts and have never been held to be incumbrances. I, therefore, dissent from the opinion of the majority and vote to affirm the judgment appealed from.

DOWLING, J., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs, and judgment ordered for defendant as directed in opinion. Order to be settled on notice.