RAPHAELLE M. NOETHINGER and WINIFRED M. McCLOS-KEY, Plaintiffs, *v.* EUGENE J. JEFFRIES and MARY JEFFRIES, His Wife, et al., Defendants.

(Supreme Court, Kings Special Term, August, 1919.)

Judicial sales — partition — title — restrictive covenants — terms of sale — zone regulations — encroachments — when purchaser at a judicial sale will not be relieved.

Where an order appointing a guardian *ad litem* for an infant defendant in an action for partition fails to provide for the filing of a bond the irregularity may be rectified by an order *nunc pro tunc* obtained after the sale upon proper notice.

While the purchaser at a judicial sale is entitled to a good and marketable title free from all reasonable doubt, he is not entitled to be relieved from his bid merely because of immaterial defects or slight burdens, unless they are shown to appreciably affect the property, and though existing restrictive covenants against certain business uses were not excepted in the terms of sale the purchaser will not be relieved.

The same rule applies to zone regulations restricting the property for residential uses, the existence of which was known by the purchaser's attorney who bid in the property for him, and the purchaser may not be heard to complain that said regulations were not mentioned in the terms of sale.

Whether encroachments are sufficient basis for relieving a purchaser at a judicial sale depends upon the facts of each particular case, and if they do not affect the value, they may be disregarded.

MOTION by a purchaser at a partition sale to be relieved of his purchase.

Marinus Willett, for purchaser.

Van Mater Stilwell, for plaintiffs.

CROPSEY, J. The purchaser at a partition sale moves to be relieved of his purchase. He contends that the deed tendered by the referee, and which he refused, did not convey marketable title or one free and clear of all encumbrances. The terms of sale did not mention any encumbrances. The purchaser raises four questions under his contention.

1. A guardian *ad litem* was appointed for an infant defendant but the order appointing him did not provide for the filing of a bond. And no bond was filed until after the sale, when the purchaser raised the objection. Then under an order obtained from the court a bond was filed *nunc pro tunc.*

The question is, whether the failure to file the bond when the guardian was appointed was a jurisdictional defect or whether it was a mere irregularity which could be remedied by an order. Section 1536 of the Code of Civil Procedure requires that " The bond must be filed with the clerk before the guardian enters upon the execution of his duties; and it cannot be dispensed with, although he is the general guardian of the infant.'' An early case passing on provisions of similar import held that the failure to file the bond was fatal and could not be cured by any proceedings had or orders entered *nunc pro tunc. Jennings* v. *Jennings,* 2 Abb. Pr. 6.

But a few years later the same question came before the Court of Appeals. Then it was pointed out that the Court of Chancery had original jurisdiction of an action for partition without the aid of the statute and that in equity an infant became the ward of the court when served with process, and that " the guardian

*ad litem* was but the agent of the court to attend to his [the infant's] interests during the litigation." And following the decision which held that the failure to appoint a guardian was not fatal and could be remedied, the Court of Appeals held that the failure of a guardian to file a bond was not jurisdictional. *Croghan* v. *Livingston,* 17 N. Y. 218.

This decision was sought to be distinguished in *Lippert* v. *Gates,* 74 Misc. Rep. 36. The opinion in the latter case states that no authority has been found " going so far as to hold that, where the order appointing the guardian is silent as to a bond, the authority for executing and filing the same may be given *nunc pro tunc.*" Implied in this statement is the assumption that the order in the *Croghan* case originally did provide for the giving of a bond, but there is nothing in the report of that case to justify such an assumption. And even were it justified, it is not apparent why the ruling should be different if the order appointing the guardian directed the filing of a bond than where it did not so provide, if in fact no bond was filed. It is the Code provision that requires the giving of the bond. It is not the order of the court. The order merely fixes its amount and determines the number of the sureties. If a bond had in fact been given, although the order was silent concerning it, it would seem to be clear that the court would have the power later to approve and accept the bond, and enter its order *nunc pro tunc.* But under the ruling in the *Lippert* case this could not be done and although the bond had been filed in time the entire proceeding would be void, if the order appointing the guardian did not provide for the giving of a bond. It seems that this should not be the ruling and that a failure to file the bond may be rectified by an order later entered, as the Court of Appeals decided

in the *Croghan* case. The case of *Walter* v. *De Graaf*, 19 Abb. N. C. 406, is not to the contrary. There the order entered *nunc pro tunc* had been made without giving proper notice, and so it was held to be a nullity.

The fact that the bond had not been filed when the purchaser raised his objection is not controlling. The question whether the title is good is determined in these matters as of the time of the trial or hearing, and if it is then good the purchaser must take unless to require him to do so would be inequitable. *Baumeister* v. *Demuth*, 84 App. Div. 394, 399; affd., 178 N. Y. 630.

2 and 3. The property is subject to restrictive covenants against the erection of any slaughter house, forge, furnace, foundry, or the manufacture of gunpowder, glue, etc., or the tanning of skins or the conducting of any brewery or any other noxious or dangerous trade or business. This covenant is the very general one found in many old conveyances and commonly (though mistakenly) called " covenant against nuisances." The property is also subject to the so-called " zone restriction " fixed by the board of estimate of this city. Under these regulations this property can be used only for residential purposes.

Neither of these restrictions is excepted in the terms of sale. The purchaser says he had no knowledge of them at the time of making his bid. It is undenied, however, that the purchaser was not present at the sale, that the bidding for him was done by his present attorney and the terms of sale signed for him and in his name by the same attorney, and that that attorney knew of the existence of the zone regulations before the sale. There is no claim made that the property is of less value because of either or both of these restrictions.

Upon these facts is the purchaser entitled to be

relieved? The purchaser at a judicial sale is entitled to a good and marketable title, free from all reasonable doubts. But he is not entitled to be relieved of his bid merely because of immaterial defects or slight burdens unless they are shown to appreciably affect the property's value. *Merges* v. *Ringler,* 34 App. Div. 415; affd., on opinion below, 158 N. Y. 701; *Ungrich* v. *Shaff,* 119 App. Div. 843. And though restrictive covenants like those affecting this property are encumbrances because they restrict against more than mere nuisances (*Dieterlen* v. *Miller,* 114 App. Div. 40; *Heim* v. *Schwoerer,* 115 id. 295), their existence does not justify the purchaser in refusing to take, if he knew they affected the property when he bid upon it (*Riggs* v. *Pursell,* 66 N. Y. 193; 74 id. 370, 375), or if they do not lessen its value. *Ray* v. *Adams,* 44 App. Div. 173. Here there is no claim of any depreciation. And there is no presumption that such restrictions make the property less valuable. *Riggs* v. *Pursell,* 74 N. Y. 370, 375.

The same rule must apply to the zone restrictions. While they are incumbrances and while constructive knowledge of them cannot be charged against the purchaser merely because of their adoption, if in fact the purchaser had knowledge of their existence, he cannot complain that the terms of sale did not mention them. *Lincoln Trust Co.* v. *Williams Building Corp.,* 183 App. Div. 225. The somewhat broader language that appears in the opinion in *Anderson* v. *Steinway & Sons,* 178 App. Div. 507, 513, is disapproved in the *Lincoln Trust Co.* case and attention there called to the ground of the affirmance of that case in the Court of Appeals (221 N. Y. 639). The purchaser's attorney, who bid for him, knew of the existence of these regulations. He knew the property was restricted to residential use. And so the purchaser cannot refuse to take because the

Misc.]                  Supreme Court, August, 1919.

terms of sale did not mention them. *Webster* v. *Kings County Trust Co.,* 80 Hun, 420; affd., 145 N. Y. 275; *Koepke* v. *Bradley,* 3 App. Div. 391; affd., on opinion below, 151 N. Y. 622. See, also, *Bacharach* v. *Von Eiff,* 74 Hun, 533.

While there is no proof that either the purchaser or his attorney who bid for him knew of the existence of the restrictive covenants in the deeds, they are less broad and less restrictive than the provisions of the zone regulations. The latter restrict the property to residential use. The covenants restrict it only against certain business uses, not any business.

4. There are some slight encroachments. The wall of the building abutting on the east extends over the property in question from one-half inch to one and one-half inches. The portion of the property in question which this building abuts is improved with a two-story and basement building, though there is a passage-way between that building and the abutting building. The shed on the rear of the adjoining property, also on the east, encroaches two and one-half inches. The roof of the frame stable on the rear of the property affected by this action encroaches five inches on the property to the south. And the fences between the property in question and the properties on the west and south are from three to five inches on those adjoining properties. All of these encroachments seem to be of trifling moment. It is not claimed they affect in any way the value of the property. And it seems clear that they do not. Whether encroachments are sufficient basis for relieving a purchaser depends upon the facts in each case, and if they do not affect the value, they may be disregarded. *Harrison* v. *Platt,* 35 App. Div. 533; *Merges* v. *Ringler,* 34 id. 415; affd., on opinion below, 158 N. Y. 701; *Ungrich* v. *Schaff,* 119 App. Div. 843; *Gold* v. *Calderazzo,* 100 Misc. Rep. 598.

There is no merit in any of the objections raised. The purchaser has not made out " a fair and plain case for relief " and " He will not be suffered to speculate at such sales, and, if he happens to make a bad bargain, to repudiate it and abandon his purchase on some nice or immaterial objection." *Riggs* v. *Pursell,* 66 N. Y. 193, 199.

Motion denied.