Jacob J. Schwartzwald, J.
This is a motion by plaintiff, in a foreclosure action, to set aside the sale of realty which took place at the judicial sale of the mortgaged premises, and for a resale, on the ground that the purchaser has refused to complete the purchase and has defaulted in his agreement to purchase. The purchaser counters with a request that the sale be consummated and that the plaintiff be compelled to perform specifically the agreement to sell in accordance with the provisions of the terms of sale signed by the Referee and the purchaser at the conclusion of the auction. Plaintiff contends that the purchaser is obliged instead to accept performance pursuant to the conditions imposed specifically by and as provided in the judgment of sale. Plaintiff claims that the purchaser was familiar with the property and all the facts in the foreclosure proceeding and that, consequently, the objections interposed have not been made in good faith.
The dispute centers about the obviously unintentional omission from the terms of sale of the following clause, which was contained in the judgment and designated the conditions under which the property was to be sold by the Referee: “ Subject to zoning restrictions and any amendments thereto, according to law, and now in force; subject to existing leases and tenancies; subject to covenants and restrictions of record, if any; subject to existing violations and orders of Municipal Departments of the City of New York, if any ”.
The purchaser, an attorney, actually represents the defendant holder of the second mortgage on the foreclosed property, a two-family house, whose two tenants were included as party defendants in the foreclosure action. The purchaser charges, however, that there are other persons of unknown status also occupying the premises.
It is the purchaser’s position that the premises should be delivered vacant and that the deed should not contain the afore-mentioned subject clause.
Unquestioned is the rule that a Referee to sell does not have the power or authority to vary the judgment by changing the terms of sale therein provided. (Mullins v. Franz, 162 App. Div. 316.)
*706 Where a variance has occurred it becomes the duty of the court to determine if the purchasers had knowledge of the change and, if not, whether the purchaser would be injured thereby and the test used is whether the purchaser is receiving exactly what he purchased. (Riggs v. Purcell, 66 N. Y. 193.) The purchaser is entitled to receive all the property and title which the Referee undertook to sell and which the purchaser rightfully supposed he was to receive. (Riggs v. Purcell, supra, p. 198.) “ A purchaser upon such a sale will not be relieved on account of defects in the property or the title thereto, of which he had notice, and in reference to which he made his bid, and the court will not permit him to abandon his contract without seeing that the object of the purchase is defeated and that he would be injured by the enforcement of the contract. If every minute and critical objection to a judicial sale is suffered to prevail, it will be attended with much inconvenience and embarrassment. A purchaser claiming to be discharged from his contract should, therefore, make out a fair and plain case for relief; and it is not every defect in the subject sold or variation from the description that will avail him. He will not be suffered to speculate at such sales, and, if he happens to make a bad bargain, to repudiate it and abandon his purchase on some nice but immaterial objection. If he gets substantially what he bargains for, he must complete the purchase and take his deed; and, in some cases, the court will compel him to take a compensation for any deficiency. The court will weigh the object and inducement of the purchaser, and, looking to the merits and substantial justice of each particular case, if the sale be fair, relieve or not from the purchase, according as the character of the transaction and circumstances may appear to require.”
No claim is made that the title to the premises is in any way defective.
Matters of the type presented on this application should be disposed of solely upon equitable principles (Morrow v. Renniere Process, 222 App. Div. 100).
Except'for the reference to u existing leases ”, it may well be found that the subject clause otherwise refers to matters considered of slight burden in conveyancing and therefore insufficient to warrant relief to the purchaser. (Noethinger v. Jeffries, 108 Misc. 372.) However, requiring the purchaser to accept a deed which contains a clause “ subject to existing leases ”, without specification of the contents or terms thereof, may require the purchaser to assume a burden for which he did not bargain, (Carter v. Builders’ Constr. Co., 129 App. Div. 318.)
*707 On the other hand, because the purchaser is an attorney, presumably conversant with customary procedures in conveyancing and the conduct of judicial sales, and the real party in interest being the owner and holder of the second mortgage on the property foreclosed, from which fact may arise an inference of knowledge as regards the physical premises, it would seem that the equities might favor the plaintiff.
If the purchaser before bidding had knowledge of the restrictions placed upon the Referee respecting the terms under which the property was required to be sold by the judgment, “ the equities may not be in his favor.” (Scala v. Levensen, 95 N. Y. S. 2d 850, 851.)
Whether the purchaser had prior knowledge of the restrictions contained in the judgment is difficult to determine lrom the affidavits. Such being the case, the question of prior knowledge as well as the other questions raised on this motion are referred to an Official Referee to hear and report unless the parties stipulate upon submission of the order herein that the reference be made to hear and determine.
Settle order on notice.