William ft. Brennan, Jr., J.
Plaintiff is the owner of an irregular plot of sedge meadow land in the peninsula known as Seamen’s Neck in Seaford. Defendant owns a larger tract to the north and to the east of plaintiff’s land, and has recently developed this property into a large marina with berthing facilities, including a gasoline dock, for a large number of private boats.
*467 The northernmost boundary of the western portion of plaintiff’s tract is a small waterway which courses eastward, through the southerly portion of defendant’s tract, and out into the basin which defendant has dredged and which has direct access to the open bay.
For the convenience of the patrons of defendant’s marina, defendant has constructed a private roadway which runs from the nearest public road on the north side of defendant’s land southerly and thence easterly and northerly to the gasoline dock. At the point where this roadway crosses the small waterway, defendant filled in the waterway, constructed two 24-inch culverts to allow water to flow beneath, and completed the road.
Plaintiff maintains that the construction of this roadway by the defendant on the defendant’s own land has converted plaintiff’s property into upland, and deprived him of his riparian right to gain access to the bay, by boat, through this waterway. The action is allegedly brought pursuant to article 15 of the Beal Property Law and seeks a mandatory injunction requiring removal of the obstruction, dredging of the waterway and incidental damages.
No issue has been raised concerning the propriety of an article 15 proceeding in such a factual situation and the court holds, on the authority of Gucker v. Town of Huntington (268 N. Y. 43) that there is no procedural impediment toward granting the requested relief in the present form of action.
The case must then turn on whether in fact the plaintiff possessed a riparian right, what the extent of that right was, and whether he has been deprived of that right.
The little waterway in question is not a man-made drainage ditch, but a natural, winding, tidal ribbon of bay water and mud. It is of little importance whether it be termed a ditch, stream, rivulet or creek. What is of importance is the utility of this waterway before the construction of the road. The waterway is between five and six feet in width, having a depth of a few inches at low tide and perhaps two or three feet at high tide. The tidal flow has not been affected by the road, since culverts were installed; nor is there any suggestion that its utility, if any, as a place to catch crabs, dig worms, hunt ducks, or otherwise engage in the pastimes of the swamp, has in any way been impaired or diminished. Indeed, the only right of which plaintiff complains to have been deprived is to go £ 1 up the creek ” in a small boat.
The court finds that it was possible, prior to the construction of the road, for a very small boat to be poled up the creek at *468 high tide. Except in that limited sense the creek is not navigable. Nor does it appear that the creek was used for this purpose. One witness testified that he once went up in a small “ sharpie ” to catch crabs, and the most the interested plaintiff was able to say is that he so used it about a dozen times in over 10 years.
This is perhaps a classic case for the application of the principle “ de minimis non curat lex,” and for a balancing of the equities.
Plaintiff has access to the open waters of the bay on the south end of his property. The construction of the road is by no means “ substantial enough to seriously interfere with the use and enjoyment of the premises.” (Ungrich v. Shaff, 119 App. Div. 843, 845, affd. 198 N. Y. 565.) He has been deprived, at best, of a most technical and useless right, and the insistence upon the exercise of such a right is suggestive of an ulterior purpose. If, on the other hand, the relief sought were granted, defendant would be deprived of access to his gasoline dock, a contingency which would have substantial and detrimental effects upon the operation of the marina.
In view of the circumstances, the court is constrained to deny the injunction and to grant judgment to the plaintiff for nominal damages in the amount of $1, without costs to either party.