Louis B. Heller, J.
In this action brought under article 15 of the Real Property Actions and Proceedings Law to compel the determination of a claim to real property, plaintiff moves pursuant to CPLR 3211, subd. (b) to dismiss for insufficiency each of the four separate defenses alleged in the answer to the complaint.
The first separate defense is that plaintiff was not a party in possession of the premises described in the complaint. The requirement of possession by a plaintiff in an action such as this was contained in section 500 of the Real Property Law in effect prior to September 1, 1943, but was omitted from section 500 in the superseding statute which went into effect on the aforementioned date. (L. 1943, ch. 561, § 1, eff. Sept. 1, 1943.) The requirement of possession likewise is absent from the present controlling statute (Real Property Actions and Proceedings Law, art. 15, § 1501). In view of the foregoing it is the opinion of the court that a plaintiff’s lack of possession is no longer a defense to an action brought under article 15.
The second separate defense alleges that the relief sought in the complaint is not provided for in article 15. It is clear from a reading of the provisions of the article that it explicitly provides for the relief sought in this action, except for so much thereof as seeks money damages. As regards money damages, there is no procedural impediment to granting a plaintiff such relief in an *1078 action brought pursuant to the statute here involved. (Wachsmuth v. Stone’s Marina, 26 Misc 2d 466.) Therefore, the second defense is also insufficient.
The third separate defense, which alleges that the plaintiff has no beneficial ownership in the premises in question and is not the real owner, must also fail. There is nothing in the statute requiring, as a prerequisite to maintaining the action, that the estate or interest in real property claimed by the plaintiff must be a beneficial one.
The fourth .separate defense alleges, upon information and belief, that the person in possession is an indispensable party and that such party has not been made a party to the instant action. The issue of nonjoinder may be raised in the responsive pleading rather than by motion. (See CPLB 3211, subd. [e]; 2 Weinstein-Korn-Miller, N. Y. Civ. Prae., par. 1003.05.) A person in possession clearly would be affected by any judgment rendered in this action and is required to be made a party to the action (Beal Property Actions and Proceedings Law, § 1511). Therefore, the fourth separate defense is deemed to be legally sufficient.
Accordingly, the motion to dismiss each of the four separate defenses contained in defendant’s answer is granted as to the first three of said defenses and is denied as to the fourth defense.