ESTELLE P. ANDERSON, Appellant, *v.* STEINWAY & SONS,
Respondent.

**Vendor and purchaser — when inequitable to decree specific
performance of contract for purchase of real property.**

Where, in an action to compel specific performance of a contract
to purchase real property it appears that the contract was understood
by the contracting parties to be wholly dependent upon the defendant
obtaining title to plaintiff's and other real property, mentioned
therein, the title to all of which was to be taken solely for a purpose
which has either been prevented by a city ordinance or can only be
carried out after successfully maintaining in the courts that such
ordinance is unconstitutional, it would be inequitable to decree
specific performance.

*Anderson* v. *Steinway & Sons,* 178 App. Div. 507, affirmed.

(Argued October 8, 1917; decided October 16, 1917.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered June 8, 1917, which reversed an order of
Special Term granting a motion by plaintiff for judgment
in her favor upon the pleadings in an action to compel
specific performance of a contract to purchase certain
real property in the city of New York. As a defense and
counterclaim the defendant alleged that the board of
estimate and apportionment of the city of New York
did, subsequent to the signing of the said contract,
pursuant to power and authority delegated to it by
chapter 470 of the Laws of 1914, as amended by chapter
503 (497) of the Laws of 1916 of the state of New York,
pass a building zone resolution dividing the city into
three classes of districts: (1) Residence districts, (2)
business districts, (3) unrestricted districts, and by said
resolution it was provided that in a residence district no
building should be erected other than a building designed
for certain specific uses and such specific uses exclude and
prohibit the erection of any building within such district
for business purposes; that by the resolution the block
on Fifty-eighth street, between Sixth and Seventh

avenues, where plaintiff's property was located, was designated as a residence district. The defendant alleged that such resolution and the building restriction therein contained constituted an incumbrance on the property, and that the plaintiff was, therefore, unable to convey the title which she had agreed to convey to the defendant, and that the plaintiff's title was unmarketable.

The following question was certified: " Is the plaintiff, respondent, herein entitled to judgment upon the pleadings? "

*Robert W. Bonynge* for appellant.

*Walter B. Solinger* and *Fernando Solinger* for respondent.

*Austen G. Fox, Ira A. Place* and *William A. Evans* for Herman M. Biggs et al., *amici curiæ.*

*Lamar Hardy, Corporation Counsel (Terence Farley* and *Leon N. Futter* of counsel), for city of New York, intervening.

*Per Curiam.* It appears from the contract in controversy and the pleadings that it was understood by the contracting parties to be wholly dependent upon the defendant obtaining title to plaintiff's and other real property, mentioned in the contract, the title to all of which was to be taken solely for a purpose which has either been prevented by the ordinance in question or can only be carried out after successfully maintaining in the courts that such ordinance is unconstitutional, and it would be inequitable in this case to decree specific performance. The opinion of Justice SCOTT of the Appellate Division, so far as it discusses the question upon which we place our decision, is approved.

The order should be affirmed, with costs, and question certified answered in the negative.

CHASE, CUDDEBACK, HOGAN, MCLAUGHLIN and ANDREWS, JJ., concur; HISCOCK, Ch. J., and POUND, J., dissent.

Order affirmed.