HERMAN M. BIGGS et al., Appellants, v. STEINWAY & SONS, Respondent.

Real property — New York city — contract to purchase adjoining parcels of land from separate owners — adoption by city of zoning ordinance prohibiting erection of intended building on one parcel no defense to action to compel specific performance of contract to purchase other.

Plaintiffs and defendant entered into a contract for the sale and purchase of real property in the city of New York, by a clause of which it was provided that if, upon examination, the title to certain adjoining premises, which defendant had also contracted to purchase, should be found unmarketable, then the defendant would not be obliged to complete its contract with the plaintiffs. After the execution of this contract a so-called zoning ordinance was adopted by the city authorities prohibiting the erection of a building of the kind defendant desired to erect upon such adjoining premises. Because of this fact defendant refused to complete its bargain with the plaintiffs. In an action to compel specific performance, *held*, that the circumstance mentioned in the contract, that if the title to the adjoining premises should be found unmarketable, the defendant might refuse to complete its bargain, had not arisen, and that the fact that two separate parcels are bought from separate owners for a common purpose and that purpose may so fail as to one that a court of equity may refuse to enforce specific performance as to it and remit the parties to their legal rights, does not justify a refusal of specific performance as to the other. (*Anderson* v. *Steinway*, 178 App. Div. 507; affd., 221 N. Y. 639, distinguished.)

*Biggs* v. *Steinway & Sons*, 191 App. Div. 526, reversed.

(Argued June 10, 1920; decided July 7, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 4, 1920, affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ira A. Place, Austen G. Fox* and *C. J. Beakes* for appellants. If the zone resolution was a valid exercise of the police power it created no incumbrance on the premises 114 West Fifty-eighth street. (*Forster* v. *Scott*, 44 N. Y. S. R. 212; *T. H. Dept.* v. *Moeschen*, 179 N. Y. 325; *Hathaway* v. *Payne*, 34 N. Y. 103; *Ferry* v. *Stephens*, 66 N. Y. 321, 325; *Clarke* v. *Long Island Realty Co.*, 126 App. Div. 282; *Ward* v. *Union Trust Co.*, 224 N. Y. 73; *Huyck* v. *Andrews*, 113 N. Y. 81.) The state did not and could not by direct legislative act, much less by delegation of discretionary authority to the city, create such an incumbrance on real estate as would prevent the owner from disposing of it under a contract to give a title free from incumbrances. (*Forster* v. *Scott*, 136 N. Y. 577; *Stuart* v. *Palmer*, 74 N. Y. 183; *Buchanan* v. *Warley*, 245 U. S. 60.)

*Walter B. Solinger* and *Fernando Solinger* for respondent. The respondent's rejection of the title was justifiable. (*Stoutenberg* v. *Tompkins*, 9 N. J. Eq. 335; *Terry* v. *Westing*, 5 N. Y. Supp. 99; *United States* v. *Bethlehem Steel Co.*, 205 U. S. 105; *Smith* v. *Vose*, 194 Mass. 193; *Nokes* v. *Kilmorey*, 1 De G. & Sm. 44; *Krell* v. *Harvey*, 2 K. B., 1903, 740.) The variance existing between the statement of the restrictions affecting the appellants' property contained in the contract and the actual restrictions was sufficient ground for the respondent's refusal to perform. (*Terry* v. *Westing*, 5 N. Y. Supp. 99; *Lese* v. *Lamprecht*, 196 N. Y. 32.) The fee was to be conveyed free from all incumbrances excepting those which are distinctly specified, and the building zone restriction may be deemed within the fair import and meaning of the exceptional clause. (*Anonymous*, 2 Abb. [N. C.] 56; 16 Am. & Eng. Ency. of Law [2d ed.], 158.) Where a contract is entered into on the assumption by both parties that a particular state of things exists or will occur, the non-existence or

the non-occurrence of that state of things through default of neither party discharges the contract. (*Krell* v. *Henry*, 2 K. B. 740; *Taylor* v. *Caldwell*, 3 B. & S. 826; *Wells* v. *Calman*, 107 Mass. 514.) The contract expressly provides for a revocation and defeasance and it is obvious that this provision should have the effect of a condition, absolute in its nature. (*Bank of Montreal* v. *Recknagel*, 109 N. Y. 482; *Grey* v. *Tubbs*, 43 Col. 359; *Lake* v. *Mc-Elfatrick*, 139 N. Y. 349; *Wells* v. *Smith*, 7 Paige Ch. 22; *West* v. *Guaranty Trust Co.*, 162 App. Div. 301; *Howard* v. *Breitung*, 172 App. Div. 749; Anson on Contracts [14th ed.], 335.) If, during the pendency of the action, there has been a change in conditions and circumstances and the vendee sustains an injury, or if circumstances have intervened which will render performance by the vendee prejudicial or detrimental to him, the court will not decree specific performance. (*Schmidt* v. *Reed*, 132 N. Y. 109; *Jackson* v. *Edwards*, 22 Wend. 498; *Garnett* v. *Macon*, 2 Brock. 185; *Nokes* v. *Kilmorey*, 1 De G. & Sm. 44; *Gale* v. *Archer*, 42 Barb. 320; *Goldsmith* v. *Guild*, 10 Allen, 241; *Griffin* v. *Cunningham*, 19 Gratt. 571; *Broshier* v. *Gratz*, 6 Wheat. 528; *Colcock* v. *Butler*, 1 Dessaus. Eq. [S. C.] 307; *McKay* v. *Carrington*, 1 McL. [Tenn.] 59.)

ANDREWS, J. This action is brought by the vendors to compel the specific performance of a contract made on June 29, 1916, for the purchase of Nos. 109, 111 and 113 West Fifty-seventh street, New York. The price fixed was $280,000 of which $28,000 was paid down. The premises were to be conveyed in fee, free of all incumbrances except certain covenants against nuisances. On August first the plaintiffs tendered such a deed as the contract required. It was refused.

The parties understood that the land described in the contract was but a part of a larger purchase and that upon the whole of it the defendant desired to erect a

business building. The remainder of the plot, 114 West Fifty-eighth street, belonged to a Mrs. Flagg. The contract recited a simultaneous contract with her, and stated that the covenants contained in it were dependent upon the simultaneous delivery· of the two deeds. If upon examination the title to the Flagg premises was found unmarketable then the purchaser was not obliged to complete its contract with the plaintiffs and was entitled to be repaid its $28,000.

After the execution of this contract and on July twenty-fifth a so-called " zoning ordinance " was adopted by the city of New York under statutes then in force which prohibited the erection of a business building on the Flagg property. As to it, the ordinance was repealed on July 12th, 1918, and before the trial. It was because of this fact that the defendant refused to complete its bargain with the plaintiffs.

We have held that the zoning ordinance is a valid exercise of the police power, and that it did not constitute an incumbrance upon the Flagg property or render it unmarketable. (*Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313.) Yet it is possible that had this action been brought by Mrs. Flagg upon her contract, a refusal to decree specific performance might be upheld. (*Anderson* v. *Steinway*, 178 App. Div. 507; affd., 221 N. Y. 639.) But the question here is somewhat different. The plaintiffs offered a perfect title. The circumstance mentioned in the contract, that the title to 114 West Fifty-eighth street should be found unmarketable, under which the defendant might refuse to complete its bargain, had not arisen. Does then the fact that two separate parcels are bought from separate owners for a common purpose and that because that purpose may so fail as to one that a court of equity may refuse to enforce specific performance as to it and remit the parties to their legal rights, justify a refusal of specific performance as to the other?

As we have said, we assume that the purpose of the defendant, known to all the parties, was to erect a building covering both the Biggs and the Flagg lots. We assume that purpose has failed because of the zoning ordinance which affects only the latter. We assume that Mrs. Flagg offered a marketable title. Yet we cannot hold that as between these plaintiffs and this defendant circumstances have so changed as to make the enforcement of the contract unfair. These circumstances affect other land with which the plaintiffs have no connection. Upon it the defendant might not build as it had planned. Its purpose in making the entire purchase, therefore, failed. But in balancing the equities between the parties, the expense of this failure should not be charged to the plaintiffs who have entered in good faith into a contract of sale, absolute except in one contingency which has not occurred.

It may be said that the plaintiff in the *Anderson* case was as innocent as are the plaintiffs here. Yet, there, the failure was caused by a regulation which affected her own land. It was not because of some collateral matter. Neither party being at fault, the change of circumstances which justified the refusal of specific performance directly affected the subject of the contract itself. We have found no well-considered case where specific performance has been refused except under such circumstances. The discretion to be exercised by courts of equity is a judicial discretion within defined limits.

The judgments appealed from must be reversed, and judgment directed for the plaintiffs for the relief demanded in the complaint, with costs in all courts.

HISCOCK, Ch. J., COLLIN, HOGAN, POUND and McLAUGHLIN, JJ., concur; ELKUS, J., not sitting.

Judgments reversed, etc.