URBIS REALTY COMPANY, INC., Appellant, *v.* GLOBE REALTY COMPANY, Respondent.

First Department, June 2, 1922.

**Vendor and purchaser — action by purchaser of apartment house to recover amount deposited and expense of searching title — title could not be rejected because of existence of lien for franchise tax — contract made January 29, 1920, to be closed April 1, 1920, contained statement that all leases, except one, expired or were subject to cancellation on or before October 1, 1920 — April Rent Laws of 1920 (Laws of 1920, chap. 137) good ground for rejecting title — court will take judicial notice of effect of April Rent Laws of 1920.**

A purchaser cannot lawfully refuse to complete his purchase on the ground that at the time for closing the title there existed a lien for a franchise tax assessed against the vendor and unpaid, where it is within the power of the vendor to remove the incumbrance against the property, for, time not being of the essence of the contract, the vendor is entitled to a reasonable adjournment of the closing date to enable it to pay the lien.

Where a contract for the sale of an apartment house in New York city, executed on January 29, 1920, to be closed on April 1, 1920, contains a provision that the premises should be " Subject, also, to existing leases, all of which expire or contain provisions for cancellation on or before October 1, 1920, except one lease of the ground floor apartment," chapter 137· of the Laws of 1920 (being one of the April Rent Laws of 1920), which took effect subsequent to the execution of the contract and on the date fixed for closing, justified the purchaser in refusing to accept the title, for the contract shows that the purchase was made with the understanding that the leases of the several apartments with the exception of one lease would expire or could be canceled on October 1, 1920, and the effect of the statute was to render it practically impossible for the purchaser to take advantage of the provisions of the leases providing for expiration or cancellation.

The court will take judicial notice of the fact that after the April Rent Laws of 1920 went into effect it was practically impossible for the landlord to select his own tenants after the expiration of leases, or to freely contract with desirable tenants in possession as to the rentals to be paid.

APPEAL by the plaintiff, Urbis Realty Company, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of November, 1921, upon the decision of the court rendered after a trial at the New York Special Term.

*Stoddard & Mark* [*Yorke Allen* of counsel], for the appellant.

*Dudley Harde* [*Harold Swain* of counsel; *Benjamin G. Rain* with him on the brief], for the respondent.

GREENBAUM, J.:

This action was brought to recover a deposit of $5,000 given by the plaintiff at the time of making a contract for the purchase of premises known as No. 1 West Ninety-fourth street, borough of Manhattan, New York city, and expenses incurred in connection with the examination of the title, and to impress a lien upon the said premises to secure the amount of its claim.

The contract was dated January 29, 1920. It provided for the closing of the title at noon on April 1, 1920. On that date and at the time and place fixed for closing the title, plaintiff rejected the title tendered by defendant upon various grounds. The only grounds here urged are: (1) That the contract was entered into by the parties in reliance upon the laws of the State of New York as they existed at the time of its execution, and that subsequent thereto, and on the date fixed in the contract for the closing of the title, a certain law known as chapter 137 of the Laws of 1920 (being one of the April Rent Laws of 1920) went into effect, which materially changed the relationship between landlords and tenants, and deprived the owners of real property within the State of New York of the remedies for dispossession theretofore existing with reference to such property. (2) That the said premises were at the time for closing title subject to a lien of a franchise tax for eighteen dollars and seventy-five cents assessed against the defendant, then unpaid.

We may at the outset dispose of the second objection by stating that it was within the power of the defendant to remove the incumbrance against the property, and that, time not being of the essence of the contract, the defendant was entitled to a reasonable adjournment, which was asked for that purpose but was refused.

This case differs from that of *Roberts* v. *New York Life Ins. Co.* (195 App. Div. 97) in that there the vendor did not ask for an adjournment, but insisted upon performance, notwithstanding that

there were then two outstanding unsatisfied mechanics' liens against the premises, relying upon its readiness to hold back sufficient money to discharge the liens.   But the other objection seems to be well taken.

The contract provided that the premises should be " Subject, also, to existing leases, all of which expire or contain provisions for cancellation on or before October 1st, 1920, except one lease of the ground floor apartment."

. Plaintiff insists that this change in the law taking place between January 29, 1920, the date of the contract, and noon on April 1, 1920, the time for performance, worked such a radical change in the law of  landlord and tenant as under well-settled principles should entitle him in equity to be relieved from his obligation to perform.   The evidence shows that there were leases of apartments in this property which came within the operation of the so-called April Rent Laws of 1920.

*Anderson* v. *Steinway & Sons* (178 App. Div. 507; affd., 221 N. Y. 639) seems to be authority for the proposition that the parties will be deemed to have contracted within the contemplation of the law as it existed at the time the contract was made, and that where a radical change in the law has taken place by legislative enactment before the date fixed for closing, which would have the effect of seriously restricting the purchaser's use of the premises which are the subject of the sale, contrary to the understanding of the parties when they entered into the contract, the purchaser will not be compelled to take title.            .                               .

It seems to us that the instant case rests in a certain aspect upon a firmer ground for upholding the rejection of the title than the *Steinway & Sons Case (supra)*.

In that case the contract to purchase contained no inherent evidence of the understanding of the parties that the vendee agreed to buy the property unrestricted as to its use, the proof there being *aliunde* the contracts that the parties were fully aware when they entered into them that the vendee intended to erect a business building upon the premises.

In the instant case there was an express provision in the contract which formed an integral part thereof that all of the existing leases, saving the one for a ground floor apartment, would or could be made to expire October 1, 1920, thus evidencing the fact that the parties were aware that the defendant agreed to purchase the premises upon the understanding that he could have possession of all the premises, excepting the apartment on the ground floor, by October first.

We can take judicial notice of the fact that, after the April Rent

Laws of 1920 went into effect, it was practically impossible for the landlord to select his own tenants after the expiration of their leases, or to freely contract with desirable tenants in possession as to the rentals to be paid, and thus placed a serious restriction upon the purchaser's intended use of the property.

The judgment should be reversed, with costs, and appropriate findings made, and judgment directed in behalf of plaintiff as prayed for.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Judgment reversed, with costs, and judgment directed in behalf of plaintiff. Settle order on notice.