Anton Kappelmeier, Respondent, *v.* Newton Garage, Inc., Appellant. (No. 1.)

First Department, November 4, 1927.

**Vendor and purchaser — action by purchaser for down payment — counterclaim for specific performance — defendant entitled to reasonable time to remove violations — partial summary judgment improperly granted plaintiff.**

The parties hereto entered into a contract for the purchase by the plaintiff of a garage business from the defendant and the contract contained the usual provisions that the lease and business were free from all violations. On the closing date a violation of a city ordinance was disclosed and the defendant offered to allow the plaintiff the reasonable costs of procuring a removal or in the alternative asked for an adjournment to permit it to remove the violation. The plaintiff refused and brought this action to recover the down payment and for the expenses incurred, in which the defendant counterclaimed for specific performance. It was error for the court to grant plaintiff's motion for partial summary judgment for the down payment and to sever the action as to the claim for expenses, since the defendant was entitled to a reasonable adjournment to permit it to remove the violations disclosed, and the answer raised a triable issue as to whether or not it was in default on the contract.

Appeal by the defendant, Newton Garage, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of February, 1927, granting plaintiff's motion for partial summary judgment and severing the action and continuing it as to the remainder of the claim of $500 for legal services and expenses, and also from a judgment entered in said clerk's office on the 11th day of February, 1927, pursuant to said order.

*Samuel L. Zuckerman,* for the appellant.

*Benjamin F. Schwartz* of counsel [*Charles W. Philipbar,* attorney], for the respondent.

Finch, J. The parties hereto entered into a contract of sale by the defendant of a garage business and lease to the plaintiff, the plaintiff making a down payment of $1,000. The contract contained the usual provision that the vendor was to deliver a bill of sale warranting that the lease and business sold were free of all liens and violations of every kind. The contract provided for a closing six days after its execution. Upon the date set for the closing, there existed of record against the property a violation of a city ordinance, by reason whereof it was necessary to " separate boiler from remainder of building by unpierced wall of solid masonry, at least 8 inches in thickness — entrance to boiler room to be from exterior

of building only." The defendant offered to allow the plaintiff the reasonable cost necessary to procure a removal of the violation, or asked for an adjournment of the closing for a reasonable time in order to enable the defendant itself to do the necessary work and have the violation dismissed. The plaintiff declined the offer and refused the request for an adjournment, and then brought this action to recover the down payment of $1,000, in addition to the sum of $500 demanded as the expense incurred in connection with the examination of title, alleging that ever since the date of closing the defendant has wholly failed to procure the removal of the violation. This latter allegation the defendant denies, and upon the aforesaid facts and by way of counterclaim, asks that the plaintiff be compelled specifically to perform the contract.

Upon the foregoing facts as alleged by the pleadings, the plaintiff moved for judgment upon the pleadings for the amount of the down payment and a severance of the action in respect to his claim for the expenses of the examination of title. The court at Special Term permitted a severance of the action and granted judgment for the down payment.

The motion for judgment upon the pleadings, even for the down payment, should not have been granted. The defendant is entitled to an opportunity to show that a reasonable adjournment would have permitted him to remove the violation without prejudice to the rights of the plaintiff. While under the stringent rule prevailing upon the law side of the court, as distinguished from equity, the plaintiff is entitled to rely upon the strict letter of the contract, yet under the more lenient rule prevailing upon the equity side of the court, the defendant is entitled to an opportunity to show, in the absence of a provision specifically making time of the essence of the contract, that there is nothing arising out of the facts and circumstances of the case which will make it unjust or put the plaintiff in any position different from that in which he would have been if the closing had been had upon a later day rather than upon the law day. (*Urbis Realty Co.* v. *Globe Realty Co.*, 201 App. Div. 533.) The defendant, therefore, presented facts which showed that there was a triable issue which could not be disposed of summarily by a judgment upon the pleadings.

The order and judgment appealed from should, therefore, be reversed, with costs, and the motion denied, with ten dollars costs.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment and order reversed, with costs, and the motion denied, with ten dollars costs.