Cortland A. Johnson, J.
Motion (1) by the plaintiffs to strike out as insufficient the first and second affirmative defenses, and (2) by the plaintiffs and the defendants Milton Levin and Bebrug Corporation to dismiss as insufficient the two counterclaims alleged in the answer of the defendant Kissena Manor Corporation (hereinafter called Kissena).
The action is to foreclose a purchase-money mortgage given by Kissena on January 18, 1957. In two defenses, labeled also as counterclaims, Kissena pleads allegations of fraud and misrepresentation which purportedly entitle it to not only defeat the plaintiffs’ claim but to affirmative relief of (1) rescission and (2) a recovery of $108,259.44 damages.
Briefly stated the first defense is as follows: On October 20, 1955, one Thomas Searpinato and Milton Levin (a defendant) entered a written contract for the purchase and sale of real property in Brookhaven, Suffolk County, New York. The property was not at that time owned by Milton Levin, but his nominee, the defendant Bebrug Corporation, was then under contract to purchase it. Bebrug acquired title on June 21, 1956, and thereafter conveyed title to the plaintiffs, to whom Milton Levin had assigned his contract with Searpinato. The latter, as purchaser, assigned the contract to Kissena. On January 18, 1957, the plaintiffs conveyed title to Kissena, which in turn executed a note and purchase-money second mortgage in the sum of $152,500. It is alleged that “ Prior to and by representation contained in the instant contract, Milton Levin represented to Thomas Searpinato, and his contemplated assignee, that the subject property was zoned residential, and that the minimum building plot requirement was 9,000 (nine thousand) square feet ’ ’. Substantially the same representation was allegedly made by the plaintiffs, by Milton Levin and by Bebrug Corporation “ prior to and simultaneously with the execution of the instant contract, prior to and simultaneously with the closing of title ”. These representations were allegedly false, known by the plaintiffs, by Milton Levin and by Bebrug to be false, and made for the purpose of deceiving Searpinato and his assignee, Kissena. In reliance on those false representations Kissena alleges that it expended the sum of $108,-259.44. On September 5, 1958, Kissena learned the representations were false, immediately offered to reconvey the property, demanded the return of its money and the cancellation of the bond and mortgage.
The second defense and counterclaim pleads substantially the allegations of the first defense and counterclaim and in addition pleads mutual mistake of the parties or mistakes by the pur *748 chasers and fraud by the sellers in concealing their knowledge that between the time the contract was signed (Oct. 20, 1955) and the closing of title (Jan. 18, 1957) the zoning restrictions affecting the subject property were amended to require a minimum building plot of 15,000 square feet instead of the 9,000 square feet as represented by the sellers.
A copy of the contract is annexed to the answer. The only reference to the size of the building plot is contained in a rider pertaining to the purchase mortgage. Providing for a release of certain portions of the premises from the mortgage it is written in 2 (a) “ not less than five (5) acres in area may be released at any one time, or, if releases be by plots on a filed map, not less than ten (10) building plots per release. A building plot shall contain approximately 9,000 square feet.” The contract also contains insofar as pertinent a provision “ Said premises are sold and are to be conveyed subject to: 1. Zoning regulations and ordinances and amendments thereto of the city, town or village in which the premises lie ”, (emphasis supplied) and two provisions to the effect that the parties may only rely upon those representations contained in the written agreement.
Taking judicial notice of the zoning ordinances of the Town of Brookhaven, which the court at Special Term may do (Pfleuger v. Pfleuger, 304 N. Y. 148) it is found that the subject property was in a “ 0 ” Residence Zone when the contract was signed in October, 1955, and that in March, 1956 by a zoning amendment the property was placed in a “ B ” Residence Zone. In a “ C ” Zone the minimum building plot is 9,000 square feet, and in a “ B ” Zone it is 15,000 square feet.
Clearly at the time the contract was drawn the representation, if made, as to the size of the building plot could not have been false. Therefore, all allegations pertaining to false representations inducing the contract must be disregarded. As to the allegations pertaining to the failure of the sellers to reveal the change in zone before the closing, there are no allegations showing a confidential or fiduciary relationship between the parties. “It is not fraud for one party to say nothing on the subject where no confidential or fiduciary relation exists ” (Amend v. Hurley, 293 N. Y. 587, 596). Assuming that false representations were actually made prior to the closing that the minimum plot was still 9,000 square feet, those representations could not be the basis of an action. ‘ ‘ Neither can a party claim to have been defrauded who has been induced by artifice to do that which the law would have otherwise compelled him to perform.” (Deobold v. Oppermann, 111 N. Y. 531, 542.) *749 By the terms of the contract the purchaser was to take title subject to the zoning regulations and amendments thereto and no facts are alleged which would warrant a judgment excusing the purchaser herein from performing the contract (see Anderson v. Steinway & Sons, 178 App. Div. 507, affd. 221 N. Y. 639).
Accordingly as no facts are pleaded from which the inference may be made that the parties were mutually mistaken or that the movants herein had made any fraudulent representations which are actionable, the motion is granted, striking the defenses and dismissing the counterclaims.
Settle order on notice.