■ BESSIE LANSIS, Appellant, v. ABE MEKLINSKY, Respondent.— Appeal by permission of this court from an order of the Appellate Term affirming a final order of the Municipal Court of the City of New York, Borough of Brooklyn, Eighth District. The final order of the Municipal Court dismissed upon the merits appellant's petition in a summary proceeding to recover possession of an apartment occupied by respondent in appellant's building. The respondent removed a sink and stove from his apartment and placed them intact in the basement; he then had his own sink and stove installed. Appellant brought the proceeding on the ground that such action on the part of the respondent " without the Landlord's or agent's consent in writing " was in violation of a covenant of the lease. There was evidence at the trial that the appellant had orally consented. Order unanimously affirmed, with costs. In our opinion, the substitution of the sink and stove under the circumstances disclosed by this record did not, in any event, constitute an alteration within the meaning of the lease. Present — Nolan, P. J., Beldock, Ughetta and Kleinfeld, JJ.

■ FANNY LEVIN et al., Respondents, v. KISSENA MANOR CORP., Appellant, and PEOPLE OF THE STATE OF NEW YORK et al., Defendants, and MILTON LEVIN et al., Respondents.— In an action to foreclose a mortgage on real property, the appeal is (1) from an order granting a motion to strike out the affirmative defenses contained in appellant's answer (Rules Civ. Prac., rule 109, subd. 6) and to dismiss the counterclaims contained in said answer (Rules Civ. Prac., rule 109, subd. 5), and (2) from the judgment entered thereon dismissing the counterclaims. Order and judgment unanimously affirmed, with one bill of $10 costs and disbursements. No opinion. Present — Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ. [17 Misc 2d 746.]

■ SIDNEY B. LIFSCHULTZ et al., Appellants, v. CHARLES ALLABACH, Defendant, and HELEN F. ALLABACH, Respondent.— In an action to recover damages for injuries to person and property, and for medical expenses and loss of services, the appeal is from so much of an order granting respondent's motion for reargument as on reargument granted her motion to open her default in pleading and permitted her to answer. Order modified by striking therefrom everything following the word " Ordered " in the second ordering paragraph and by substituting therefor the words " that upon reargument the original decision denying defendant's motion to open her default is adhered to ". As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellants. The facts stated in the moving papers fail to show that respondent's default was due to mistake, inadvertence, surprise or excusable neglect (cf. *Heller* v. *Ward*, 10 A D 2d 633). Moreover, there is no factual showing that respondent has a meritorious defense. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.