■ EDWARD DI TOMAS et al. As Copartners Doing Business as DI TOMAS BROTHERS Appellants, v DAVID LEVINE DEVELOPMENT CORP., Respondent.—In an action *inter alia* to impress a lien on certain real property, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered December 8, 1975, which, after a nonjury trial, (1) dismissed the complaint and (2) canceled the notice of pendency. Judgment affirmed, with costs. The fact that the Suffolk County Sewer Agency, after the contract of sale for the land in question was signed, adopted a resolution requiring payments which "shall constitute a trust fund to be used exclusively for a future communal sewerage system" (see Town Law, § 277, subd 5, par [b]), did not constitute an encumbrance rendering title unmarketable (see *Urbis Realty Co. v Globe Realty Co.,* 235 NY 194; *Kend v Herbert Finance Co.,* 210 Wis 239; 39 ALR3d 411; cf. *Anderson v Steinway & Sons,* 221 NY 639). Defendant's letter to plaintiffs, *requesting* that they sign an appended memorandum agreeing to pay (under protest) the applicable sum to the sewer agency prior to issuance of a certificate of occupancy, did not constitute an unilateral

modification of the contract and was not the equivalent of a condition. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.